445 A.2d 1237

**William DONER and Maryann Doner, h/w, Appellants,**

**v.**

**JOWITT AND RODGERS CO.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1981.

Filed May 21, 1982.

Anne E. Fialkowski, Philadelphia, for appellants.

Robert J. Harrington, Philadelphia, for appellee.

Before HESTER, McEWEN and SHERTZ, JJ.

McEWEN, Judge:

We here consider an appeal from an order granting the motion of appellee for judgment on the pleadings after the appellee pleaded the defense of the statute of limitations to a complaint in trespass for personal injuries allegedly suffered nearly ten years prior to the commencement of the instant action.

Appellants, William and Maryann Doner, are husband and wife. The history of the instant suit is inextricably intertwined with a prior suit arising out of the same occurrence and concluded by the entry of a judgment of non pros and, therefore, we must review the procedural history of both the earlier suit and the present litigation in order to be able to consider the issues of this appeal.

William Doner allegedly fell and suffered injuries on January 29, 1969 while on the premises of appellee, Jowitt and Rodgers Co. (hereafter Jowitt and Rodgers). William Doner (but not his wife, Maryann Doner) commenced the original suit, an action in trespass, by filing a summons in trespass on January 20, 1971 and a complaint on February 16, 1971. Jowitt and Rodgers, some three years later, on February 1, 1974, filed interrogatories addressed to William Doner which were neither objected to nor answered. On April 7, 1976, new counsel for Jowitt and Rodgers proceeded under the then valid Philadelphia Civil Rule 145 which, in essence, permitted the entry of a judgment of non pros by the Prothonotary upon completion of the procedure established by Rule 145 if a plaintiff persisted in the failure to file answers to the interrogatories.[1]

1.  Philadelphia Civil Rule 145 provided:
    If the adverse party fails to file of record answers to interrogatories within the time period required by Pa.R.C.P. 4005 or timely objections under Pa.R.C.P. 4005(b) and, in addition, does not so file within any extended period granted to him under Pa.R.C.P. 248, the Prothonotary shall, on praecipe and certification of service and upon ten (10) days notice by the party filing the interrogatories, enter an interlocutory order requiring the adverse party to file answers within thirty (30) days of the date of the order, and providing for sanctions as hereinafter set forth.
    This order shall become final at the expiration of the interlocutory period, upon filing of a supplemental praecipe and certification of service, unless prior to the expiration of the interlocutory period,

On April 22, 1976, the Prothonotary, pursuant to Rule 145, directed William Doner by interlocutory order to file answers to the outstanding interrogatories within thirty days or suffer a judgment of non pros. Counsel for William Doner twice received thirty day extensions without filing answers. Counsel for Jowitt and Rodgers completed the final procedures under Rule 145 on August 12, 1976 and, as a result, the Prothonotary on that same date, entered a judgment of non pros.

On August 30, 1976, following the refusal of counsel for Jowitt and Rodgers to accept tender by Doner of the answers to the interrogatories, a motion to strike the judgment of non pros was filed by counsel for Doner and, on December 8, 1976, the motion was denied by the Common Pleas Court. William Doner appealed to this Court on January 4, 1977 and presented as the single issue for appeal a contention that the denial by the Common Pleas Court of the motion of William Doner to strike the judgment of non pros constituted an abuse of discretion. This Court affirmed the order of the Common Pleas Court by per curiam order dated November 30, 1977. *Doner v. Jowitt and Rodgers Co.*, 251 Pa.Super. 614, 381 A.2d 905 (1977). The Pennsylvania Supreme Court granted a petition by William Doner for allowance of appeal in which the sole argument expressed was that the refusal to strike the judgment of non pros was error. Chief Justice Michael J. Eagen observed in his Opinion of March 26, 1979 that, while the petition for allowance of appeal filed

the party required to answer the interrogatories files a motion for an extension of this time limit. Such motion shall be disposed of by an appropriate order of the Civil Motion Court.

The interlocutory order of the Prothonotary setting forth sanctions as provided herein shall be as follows:

(A) As to defendant, defendants, or additional defendants, an order entering judgment as to liability in favor of the party filing the interrogatories against the nonanswering party who shall be precluded from the entering of a defense and the introduction of evidence at the time of trial relating to the subject matter of the unanswered interrogatories;

(B) As to a plaintiff or plaintiffs, an order entering a Judgment of Non Pros in favor of the party filing the interrogatories.

Whenever a praecipe is required herein, it shall be filed by the party filing the interrogatories.

in the Supreme Court advanced only the issue raised in the appeal to the Superior Court, William Doner, in his brief to the Supreme Court and during oral argument, raised as new issues the validity of and the constitutionality of Rule 145. The Court applied the waiver doctrine, stating that "since neither of these issues were raised in the trial court, in the Superior Court, or in the Petition for Allowance of Appeal they have not been preserved for review in this Court," and dismissed the appeal as improvidently granted. *Doner v. Jowitt and Rodgers Co.*, 484 Pa. 496, 500, 399 A.2d 402, 404 (1979). Doner then filed a petition for reargument in the Supreme Court which was denied on April 10, 1979.

On April 2, 1979, less than three weeks after the filing of the Supreme Court Opinion dismissing the appeal, appellant William Doner commenced the instant suit in the Common Pleas Court alleging exactly the same cause of action as he had asserted in the initial suit. This time, however, Maryann Doner, his wife, joined in the complaint as a party plaintiff to express a claim for loss of consortium. Jowitt and Rodgers raised in its answer to the complaint the affirmative defense of the statute of limitations and, thereafter, filed a motion for judgment on the pleadings. The learned Philadelphia County Common Pleas Court Judge William A. Dwyer granted the motion and entered judgment in favor of appellee Jowitt and Rodgers on August 6, 1979. The Doners then brought this appeal.

The appellants express in the single issue of their appeal the contention that "a plaintiff whose case is dismissed under an invalid local rule should not be denied his constitutional rights and the defendant should be estopped from raising the bar of the statute of limitations in a subsequent suit filed arising out of the same occurrence." We do not agree.

■ The statute of limitations applicable to a claim for personal injuries requires that an action to recover damages

for such injuries must be commenced within two years of the time the cause of action accrues.[2] The instant action which mirrors the suit instituted in 1971 (the single difference is that Maryann Doner is also a party plaintiff) was instituted more than twelve years after the alleged occurrence. It is firmly established in Pennsylvania that a defendant will be estopped from invoking the statute of limitations only in clear cases of fraud, deception or concealment. *Walters v. Ditzler*, 424 Pa. 445, 227 A.2d 833 (1967); *Bonfitto v. Bonfitto*, 391 Pa. 187, 137 A.2d 277 (1958); *Henry v. Control Products Co.*, 284 Pa.Super. 417, 426 A.2d 116 (1981); *Courts v. Campbell*, 245 Pa.Super. 326, 369 A.2d 425 (1976). Appellants here do not and could not allege fraud, deception or concealment on the part of the appellee. Rather, inspired by the decision of this Court in *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338 (1979), appellants propose to have this Court create an exception to the statute of limitations. However admirable the persistent effort of counsel to serve the client, we must reject that proposal.

The legal effect of the entry of a judgment of non pros is not such as to preclude a plaintiff who suffers such a judgment from instituting another suit on the same cause of action provided, however, that the second suit is brought within the period of the statute of limitations. *Gordon-Stuart Ltd. v. Allen Shops, Inc.*, 239 Pa.Super. 35, 361 A.2d 770 (1976); *Bucci v. Detroit Fire and Marine Insurance Co.*, 109 Pa.Super. 167, 167 A. 425 (1933). Appellants, of course, have not done so. At the time the judgment of non pros was entered in the prior case, the applicable statute of limitations had long since expired. Appellants brought the second action, some eight years after the first, in an attempt to collaterally attack the judgment of non pros entered in

2. Act of July 9, 1976, P.L. 586, No. 142, Section 2, 42 Pa.C.S.A. Section 5524(2). The present statute of limitations governing personal injury actions became effective on June 27, 1978 and repealed 12 P.S. Section 34, from which the present statute was derived.

498

the prior case and affirmed on appeal. We perceive this action as an effort to gain the favorable treatment accorded to appeals contesting the validity of judgments of non pros entered in accordance with Rule 145 which were pending when *Gonzales* was decided.[3] *Gonzales* and its progeny allow such judgments of non pros entered by the Philadelphia Prothonotary under the authority of Rule 145 to be stricken. *See Johnson v. Moore Motors, Inc.*, 285 Pa.Super. 237, 427 A.2d 200 (1981); *Pavone v. Anthony and City of Philadelphia*, 273 Pa.Super. 376, 417 A.2d 697 (1980); *Gonzales v. Procaccio Bros. Trucking Co., supra.* This Court, however, has refused to apply *Gonzales* retroactively to judgments which became final before *Gonzales* was decided. *See, e.g. Tice v. Nationwide Life Insurance Co.*, 284 Pa.Super. 220, 425 A.2d 782 (1981) (concurring opinion by Spaeth, J.); *Washington v. Liberi*, 273 Pa.Super. 48, 416 A.2d 1082 (1979). In *Tice, supra*, the majority held that a judgment entered pursuant to Rule 145 would be stricken if an appeal from the entry of a default judgment was pending at the time *Gonzales* was decided. The judgment of non pros in the prior case became final when, on March 16, 1979, four months before *Gonzales* was decided, the Supreme Court quashed William Doner's first appeal as improvidently granted. Therefore, the judgment of non pros must stand and the order of the Common Pleas Court entering judgment on the pleadings in favor of appellee is hereby affirmed.

Order affirmed.

SHERTZ, J., did not participate in the consideration or decision of this case.

3. In *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338 (1979), this court declared Philadelphia Civil Rule 145 invalid as in conflict with Pa.R.C.P. 4019 and ordered the judgment of non pros entered pursuant to the rule stricken.