474 A.2d 343

**Phillip A. SPORKIN**

v.

**Henry J. AFFINITO and David Meyers, Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 23, 1983.

Filed April 13, 1984.

---

482

Jeffrey L. Pettit, Philadelphia, for appellants.

S. Lawrence Pauker, Norristown, for appellee.

Before MONTEMURO, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants challenge the lower court's entering judgment in favor of appellee, alleging that appellee's action had been properly dismissed pursuant to Montgomery County Civil Rule 407. We find no merit in this contention and, accordingly, affirm the order entered below.

▮ The underlying action to this appeal concerns appellee's February, 1975 claim that appellants, his fellow shareholders in a corporation formed to establish a Puerto Rican water ice business, had attempted to sever him from the business and deprive him of profits. Following the denial of appellants' preliminary objections and argument on November 9, 1976, the lower court granted appellee's motion for the production of certain documents within 45 days. On June 7, 1978, because appellants had failed to produce the documents, appellee filed a motion for sanctions against appellants requesting the court to enter a judgment of liability and to direct a trial solely on the issue of damages for failure to produce the requested documents. In late

August, 1980, an application for an extension of time to file a praecipe for trial was signed by the lower court and counsel, extending the time for trial until February 28, 1981. In early February, 1981, appellee prepared, but appellants' counsel failed to sign, a praecipe to place the case on a trial list. Appellee's brief supporting his motion for sanctions was filed on February 10, 1981. On March 6, 1981, however, pursuant to Montgomery County Civil Rule 407, the prothonotary summarily dismissed the action, after having received no praecipe for trial. Despite this dismissal, of which counsel and the lower court were not aware, and subsequent to oral argument, the lower court, on April 15, 1981, granted appellee's motion for sanctions, entering a default judgment against appellants and directing a trial for the determination of damages. In late October, 1981, appellee's counsel learned of the prothonotary's dismissal and requested the lower court to strike the dismissal from the docket. On November 12, 1981, the lower court struck the docket entry, but, in response to appellants' protests, entertained petitions and argument on the validity of the March 6 dismissal. On March 24, 1982, the lower court affirmed its November 12, 1981 order striking the dismissal from the docket, prompting this appeal.[1]

Appellant contends first that Montgomery County Civil Rule 407 did not conflict with the Pennsylvania Supreme Court's November 19, 1979 order[2] and therefore, that the March 6, 1981 dismissal by the prothonotary was valid. We disagree. On November 19, 1979, the Supreme Court ordered, in pertinent part that:

I.  Prompt Certification for Trial

(a) In all civil actions commenced on or before December 31, 1979, any and all documents required to signify that the case is ready for trial must be filed on or before August 31, 1980. In civil actions commenced on or after

1. We find the lower court's order appealable pursuant to Pa.R.A.P. 311(a)(1).

2. The Supreme Court order was repealed on March 6, 1981.

January 1, 1980, such documents must be filed not more than 240 days after the action is commenced.

(b) Prior to the expiration of the period limited in Paragraph (a), any party may apply for extension of such period. The application must be served on all other parties and must set forth the grounds for the request and the length of extension required. The court may grant the extension only upon finding good cause ...

(c) If the documents are not filed within the time limits above, the court, with or without motion by any party, *shall require that good cause be shown why the case should not be dismissed for want of prosecution.*

. . . . .

(emphasis added). In response to this order, Montgomery County promulgated Civil Rule 407 which provides, in pertinent part that:

(a) Pursuant to the Order of the Supreme Court of Pennsylvania dated November 19, 1979, in all civil actions commenced on or before December 31, 1979, a praecipe certifying that there are no outstanding motions, all discovery has been completed and that the case is in all respects ready for trial must be filed on or before August 31, 1980. In all civil actions commenced after January, 1980, such praecipe to list for trial must be filed not more than 240 days after the action is commenced.

. . . . .

(b) All civil actions shall be dismissed by the Prothonotary for want of prosecution where neither the appropriate praecipe for trial listing or an application for extension has been filed within 20 days after commencement of the action.

. . . . .

(2) In all civil actions commenced on or before December 31, 1979, *the Prothonotary will dismiss without further notification* all civil cases where neither the

appropriate praecipe for trial listing or an application for extension has been filed by August 31, 1980.

(emphasis added).

It is well-settled that "[a]lthough the several Courts of Common Pleas may properly adopt local rules, such rules are invalid to the extent that they conflict with or are inconsistent with the Pennsylvania Rules of Civil Procedure." *Gonzales v. Procaccio Brothers Trucking Co.*, 268 Pa.Superior Ct. 245, 249, 407 A.2d 1338, 1340 (1978); *Acri v. Wintermeyer*, 285 Pa.Superior Ct. 486, 488, 428 A.2d 150, 151 (1981). In *Gonzales, supra,* the court determined that Philadelphia Local Rule 145, authorizing the prothonotary to enter a judgment of non pros where the plaintiff failed to answer interrogatories, conflicted with Pa.R.Civ.P. 4019, which required the *court*, in its discretion, to mold the sanction to the particular case. The court stated:

> The imposition of specific sanctions ... is largely within the discretion of the court ... This responsibility cannot be delegated to a ministerial officer such as a prothonotary. Although he acts as clerk for the court of common pleas, the Prothonotary possesses no judicial powers.

*Gonzales v. Procaccio Brothers Trucking Co., supra,* 268 Pa.Superior Ct. at 251, 407 A.2d at 1341. *See also Newsome v. Braswell,* 267 Pa.Superior Ct. 83, 406 A.2d 347 (1979) (because prothonotary cannot issue sanctions, judgment considered null and without legal effect). We agree with the lower court's reliance on *Gonzales* and conclude that Montgomery County Rule 407 conflicts with the Supreme Court order. The Supreme Court order specifically stated that if the documents required for readying a case for trial were not timely filed, the *court* "shall require that good cause be shown why the case should not be dismissed..." This language clearly indicates that a judge, not a court clerk, must make the final decision on dismissal. Montgomery County Rule 407, however, permits the prothonotary to make the final determination. Accordingly,

we cannot agree with appellants' contention that Rule 407 does not conflict because "it merely permitted the Prothonotary to dismiss the case if the parties failed to advance any justification at all through an application for extension." (Appellants' Brief at 12).

■ We find little merit in appellants' argument that Montgomery County could have promulgated Rule 407 without the directive from the Supreme Court, thus minimizing the effect of the conflict. We do not dispute that local courts may promulgate rules. *See Gonzales, supra.* In the instant case, however, it is obvious that Rule 407 was promulgated as a direct response to the Supreme Court order. *See* Montgomery County Civil Rule 407(a) ("Pursuant to the Order of the Supreme Court of Pennsylvania dated November 19, 1979 ..."). Because the Montgomery County rule clearly conflicts with the Supreme Court order, we conclude that the lower court correctly struck the dismissal erroneously entered by the prothonotary.

■ Appellant next alleges that notwithstanding the invalidity of the prothonotary's dismissal of the action, the lower court erroneously struck the dismissal because on November 12, 1981, the underlying action was barred by the statute of limitations. There is no basis for this argument. Because the dismissal was invalid, and unknown to all parties, including the court, the judgment entered pursuant to that dismissal was never recognized. Throughout the past eight years appellee has maintained just one cause of action. Appellants' attempt to claim that the dismissal terminated an initial cause of action, causing appellee to raise a second cause of action outside of the limitations period, is meritless.[3]

3. Appellants' reliance on *Doner v. Jowitt and Rodgers Co.,* 299 Pa.Superior Ct. 492, 445 A.2d 1237 (1982) is misplaced because of the procedural differences between *Doner* and the instant case. In *Doner,* the initial action was dismissed under the now invalid Philadelphia Civil Rule 145. After the plaintiff's motion to open and/or strike the judgment was denied, the case was unsuccessfully appealed to both the Superior and Supreme Courts. A second action was brought by plaintiff and his wife, who was not part of the first action, less than

■ Similarly, we cannot accept appellants' averment that the judgment entered in appellee's favor on April 15, determining appellants' liability and directing a trial on damages, was void when entered. We have already determined that the case was improperly dismissed and hence remained active and within the lower court's jurisdiction. Therefore, contrary to appellants' allegation, the court did have the authority to enter judgment favorable to appellee.[4]

Having found no merit in appellants' several contentions, we affirm the order of the court below.

Affirmed.

three weeks after the Supreme Court affirmed the denial of plaintiff's petition to open. The second action, however, was barred by the statute of limitations. In *Doner,* the initial case was clearly terminated, the dismissal was affirmed in both appellate courts, and the second action was brought outside of the limitations period. In the instant case, however, the dismissal of appellee's action was not only erroneous but, because of the proceedings, never resulted in the final termination of the case. The lower court's action in effectively reconsidering the dismissal was similar to the granting of a motion for reconsideration where a demurrer to the evidence is sustained and the dismissal is reversed.

4. Appellant avers further that the prothonotary's summary dismissal was not invalid simply because the Supreme Court vacated the "240-day" rule. Having found the dismissal already invalid, we need not address this issue.