550 A.2d 1333

**WILLIAMS STUDIO DIVISION OF PHOTOGRAPHY BY TALLAS, INC., Appellee,**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 26, 1988.

Filed Nov. 28, 1988.

2

Joseph F. Leeson, Jr., Bethlehem, for appellant.

Jay N. Abramowitch, Reading, for appellee.

Before KELLY, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from a judgment entered on a jury verdict in favor of the appellee, Williams Studio Division of Photography by Tallas, Inc. (hereafter, Williams), and against the appellant, Nationwide Mutual Fire Insurance Company (hereafter, Nationwide), for breach of a fire insurance contract.

This appeal presents a case of first impression, requiring this court to determine and explain the effect of a voluntary nonsuit on the running of the statute of limitations. The trial court ruled that Williams, after entering a voluntary nonsuit, could commence a second action after the expiration of the one year contractual period of limitation mandated by 40 Pa.S.A. § 636. We reverse and enter judgment in favor of the appellant.

The record reveals the following facts: Williams was in the business of photography and maintained a studio which was insured by Nationwide for fire protection. On December 31, 1979, the studio was destroyed by fire. Subsequently, Nationwide contested liability, and Williams instituted a suit against Nationwide on June 26, 1980, within the one-year period expressly stated in the insurance contract and prescribed by 40 Pa.S.A. § 636. On May 10, 1982, during the course of the trial, Williams elected to take a voluntary nonsuit pursuant to Pa.R.C.P. Rule 230,[1] which the trial court granted over the objection of Nationwide.

1. **Rule 230. Voluntary Nonsuit**
   (a) A voluntary nonsuit shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff during the trial.

On November 22, 1983, almost four years after the fire, Williams commenced a second action on the same issue of Nationwide's liability under the fire insurance contract as permitted by Pa.R.C.P. Rule 231.[2] Nationwide moved for summary judgment and then for directed verdict claiming that the second suit brought by Williams violated the one-year statute of limitations mandated by 40 Pa.S.A. § 636, and, thus, the action was time-barred. The trial court denied the motions and allowed the case to continue. On January 24, 1986, the jury returned a verdict in favor of Williams in the amount of $30,000.00.

In its post-trial motions, Nationwide again asserted that the second action was filed four years after the date of the loss and, therefore, could not be sustained. The trial court reasoned that Williams had a substantive duty, under 40 Pa.S.A. § 636, to file an action within the prescribed twelve-month period and that Williams' act of filing its initial action fulfilled that duty. Despite acknowledging that the limitations period had expired, the trial court opined that, procedurally, Rule 230 preserved Williams' right to refile its action under Rule 231 as long as the period of time "between the granting of the nonsuit and the filing of the second action was not unreasonable." (Trial court opinion, p. 5) This appeal followed.

The appellant presently asserts that the appellee, after entering a voluntary nonsuit in its first action, was precluded by the statute of limitations from initiating its second action on the identical casualty. The appellant bases his

(b) After a plaintiff has rested his case in chief he may not suffer a voluntary nonsuit without leave of court and cannot do so after the close of all the evidence.

2. **Rule 231. Second Action**
   (a) After a discontinuance or voluntary non-suit the plaintiff may commence a second action upon the same cause of action upon payment of the costs of the former action.
   (b) After the entry of a compulsory non-suit the plaintiff may not commence a second action upon the same cause of action.

argument on the provisions of 40 Pa.S.A. § 636(2) which, in part, states:

2. Except as provided else where in this section, no insurance company, association or exchange shall issue a policy affording fire insurance, as defined in this section, on property in this Commonwealth, unless such policy contains the following provisions as to such insurance:

\* \* \* \* \* \*

**Suit.** *No suit or action on this policy for the recovery of any claim shall be sustainable* in any court of law or equity unless all the requirements of this policy shall have been complied with, and *unless commenced within twelve months next after inception of the loss.* (emphasis added)

The legislature has determined that a twelve-month period represents the reasonable period of time within which suits for loss due to fire damage must be brought. *Schreiber v. Pennsylvania Lumberman's Mut. Ins. Co.,* 498 Pa. 21, 444 A.2d 647 (1982). Clearly, the legislature has mandated that every fire insurance policy contain such a one-year limitation provision, and the validity of the one-year limitation of suit provision has been consistently upheld by Pennsylvania Courts. *See, e.g., General State Auth. v. Planet Ins. Co.,* 464 Pa. 162, 346 A.2d 265 (1975); *Schreiber, supra,* 498 Pa. 21, 444 A.2d 647; *Petraglia v. American Motorists Ins. Co.,* 284 Pa.Super. 1, 424 A.2d 1360 (1981), affirmed, 498 Pa. 32, 444 A.2d 653; *Satchell v. Insurance Placement Facility of Pennsylvania,* 241 Pa.Super. 287, 361 A.2d 375 (1976).

To determine what effect, if any, a voluntary nonsuit has upon the running of a statute of limitation, we must first determine the result of a voluntary nonsuit. Although this is a case of first impression under Pennsylvania law, Federal law is well settled, and numerous Federal cases hold that "dismissal without prejudice operates to leave the parties as if no action had been brought at all." *Moore v. St. Louis Music Supply Co., Inc.,* 539 F.2d 1191, 1194 (8th Cir., 1976); *Cardio–Medical Associates, Ltd. v. Crozer–Chester Medical Center,* 721 F.2d 68, 77 (3rd Cir., 1983). Accord *Le*

*Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir., 1976); *Bomer v. Ribicoff,* 304 F.2d 427, 428 (6th Cir., 1962). *See also Butler v. Sinn,* 423 F.2d 1116 (3rd Cir., 1970) (per curiam). While not expressly stating that a voluntary non-suit or discontinuance operates to leave the parties as if no action had been filed, Pennsylvania case law reflects a similar result. In *Deigan v. Deigan,* 210 Pa.Super. 240, 232 A.2d 227 (1967), this court held that the issues raised in an action which is dismissed without prejudice are not *res judicata* in a subsequent action. Similarly, in *Scharf v. Richard De Cou Co.,* 320 Pa. 552, 183 A. 41 (1936), our Supreme Court held that, when the merits of the action are not passed upon in the first action, dismissal is without prejudice, and a subsequent suit between the same parties based on the same action is not *"res adjudicata."* Additionally, the language of Rule 231 supports our conclusion by expressly stating that the suit initiated after a voluntary nonsuit is a "second action," not merely a continuation of the initial action.

■ Based upon the foregone discussion, we conclude that, when a plaintiff takes a voluntary nonsuit, it is as if the original suit was never initiated. Logically, since the original complaint is treated as if it never existed, the "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice." *Cardio–Medical Associates, Ltd.,* 721 F.2d at 77; *Moore,* 539 F.2d at 1194; *Bomer,* 304 F.2d at 428–429.

In *Scharf, supra,* 183 A. 41, our Supreme Court expressly noted that, after a nonsuit was entered, a second suit based on the same accident could be instituted "within the statutory period." In *Scharf, supra,* the plaintiff filed his second action prior to the expiration of the statute of limitations period related to the filing of his initial suit. Therefor, the issue before us was not directly addressed by *Scharf, supra.* However, the Court specifically noted the second suit was filed within the statutory period which suggests that the Court presumed the statute was not tolled by the complaint subsequently nonsuited.

In *Doner v. Jowitt and Rodgers Co.*, 299 Pa.Super. 492, 445 A.2d 1237 (1982), the facts are fairly similar to those now before us. Therein, the appellants filed a second suit based on the identical cause of action raised in their initial suit against which a judgment of non pros was entered. Upon the appellee's motion alleging that the statute of limitations had expired prior to filing the second suit, summary judgment was granted, and the appeal followed. Ruling upon those facts, we stated:

> The legal effect of the entry of a judgment of non pros is not such as to preclude a plaintiff who suffers such a judgment from instituting another suit on the same cause of action *provided, however, that the second suit is brought within the period of the statute of limitations.* *Gordon–Stuart Ltd. v. Allen Shops, Inc.*, 239 Pa.Super. 35, 361 A.2d 770 (1976); *Bucci v. Detroit Fire and Marine Insurance Co.*, 109 Pa.Super. 167, 167 A. 425 (1933). Appellants, of course have not done so. At the time the judgment of non pros was entered in the prior case, the applicable statute of limitations had long since expired. (emphasis added)

\*     \*     \*     \*     \*     \*

> Therefore, the judgment of non pros must stand and the order of the Common Pleas Court entering judgment on the pleadings in favor of the appellee is hereby affirmed.

*Doner, supra*, 299 Pa.Superior Ct. at 497–498, 445 A.2d at 1239–1240.[3]

The holdings of *Doner, supra*, and *Scharf, supra*, intimate that the filing of the original complaint which subsequently suffers a voluntary nonsuit does not toll the statute

---

**3.** We note that a judgment of non pros is not identical to a voluntary nonsuit. However, after satisfying the proper criteria, a plaintiff may open a judgment of non pros and may institute another suit based on the same cause of action. Pa.R.C.P. Rule 1037; *Wurster v. Peters*, 318 Pa.Super. 46, 464 A.2d 510 (1983). Similarly, after entering a voluntary nonsuit, a plaintiff may institute a new suit based on the identical cause of action. Pa.R.C.P. Rule 231. Thus, the judgment of non pros and a voluntary nonsuit are analogous for the purposes of this appeal.

8

of limitations.[4]

■ In addition, direct support for our present holding is found in *Royal–Globe Insurance Co. v. Hauck Manufacturing Co.,* 233 Pa.Super. 248, 335 A.2d 460 (1975) which held that: 1) Commencement of an action in federal court does not toll the running of the statute of limitations against the action in state court; 2) action in state court does not toll the running of the statute of limitations against subsequent action in federal court; and 3) action in one state does not toll statute of limitations against action in another state. Therein, we adopted the general rule in respect of limitations set forth by the United States Supreme Court in *Willard v. Wood,* 164 U.S. 502, 523, 17 S.Ct. 176, 181, 41 L.Ed 531 (1896) as follows:

The general rule in respect of limitations must also be borne in mind, that if a plaintiff mistakes his remedy, in the absence of any statutory provision saving his right, or *where, from any cause, a plaintiff becomes nonsuit, or the action abates or is dismissed, and during the pendency of the action, the limitation runs, the remedy is barred.* (emphasis added)

*Royal–Globe Insurance Co., supra,* 335 A.2d at 462; *See also Sabo v. Parisi,* 583 F.Supp. 1468 (E.D.Pa., 1984).[5]

4. Similarly, in *Com., Dept. of Public Welfare v. Flowers,* 46 Cmnwlth.Ct. 326, 407 A.2d 896 (1979), our Commonwealth Court, quoting the lower court opinion, stated:

In this respect, we find that Rule 1901 compels a result different from that which obtains after a court order refusing to take off a voluntary nonsuit, or remove a judgment of *non pros,* becomes final. In these latter situations, a final and unappealed court order does not destroy the underlying cause of action, and the plaintiff, *if within the statute of limitations,* can commerce [sic] and prosecute a new proceeding upon the same cause of action. (emphasis added)
*Flowers, supra,* 407 A.2d at 898.

5. We note that Pennsylvania does in fact have a savings clause. However, we also note that the savings clause does not apply to actions terminated by a voluntary nonsuit. 42 Pa.C.S.A. § 5535, in pertinent part, reads as follows:
(a) **Termination of prior matter.—**
(1) If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may notwithstanding any other provision of this subchapter, commence a new action

■ Accordingly, we hold that the statute of limitations is not tolled by the commencement of a suit subsequently dismissed without prejudice through a plaintiff's entry of a voluntary nonsuit. Consequently, we find that a plaintiff must file his second suit prior to the running of the applicable statute of limitations or his second suit will be time-barred despite his procedural right to refile under Rule 231. Instantly, Williams had to nonsuit and then commence his second suit pursuant to Rule 231 prior to December 31, 1980, in order to comply with the contractual and statutory limitations period. The appellee failed to do so, and we must rule that the appellee's second action was time-barred. If we held otherwise, the appellant, who endured the burden of litigating the initial suit for over two years, would again be subjected to the same litigation; the appellee, however, would benefit immeasurably by the additional one and one-half years it had to prepare its case for a second time.

Finally, we express our concern over the trial judge's almost cavalier regard for the statute of limitations. The trial judge stated:

... If we were to adopt the defendant's position that once the case was dismissed by a voluntary non-suit, the plaintiff would be barred from filing a second action. A procedural rule [Rule 231] adopted by the judiciary would be rendered useless in this situation. This would result in an unacceptable intrusion by the legislature into the province of the judiciary.

or proceeding upon the same cause of action within one year after the termination and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding.

(2) Paragraph (1) does not apply to:

&ast; &ast; &ast; &ast; &ast; &ast;

(ii) An action or proceeding terminated by a voluntary nonsuit, a discontinuance, a dismissal for neglect to prosecute the action or proceeding, or a final judgment upon the merits.

It is also worth noting that, even if the appellant's second cause of action had the benefit of the savings clause, the suit would still be time-barred since the second suit was filed well over a year after the voluntary nonsuit was entered.

We realize that a plaintiff who avails himself of the procedural benefits of Rule 230 and 231 may buy more time to prove his case than if he had not used these rules....

The plaintiff's use of Rule 231 does not substantially enlarge the plaintiff's right to sue. Rather, it has only a collateral effect, since the plaintiff must still file his initial action within the one year period. Trial Court Opinion, p. 3–4.

In *Laudenberger v. Port Auth. of Allegheny Cty.*, 496 Pa. 52, 436 A.2d 147 (1981), our Supreme Court, ruling upon the propriety of Pa.R.C.P. Rule 238, stated: "We certainly do not intend to, and will not, promulgate rules in contravention of the constitutional prohibition against abridging, enlarging or modifying substantive rights." *Laudenberger, supra*, 436 A.2d at 155. Instantly, we find that the trial court's application of Rule 231 does precisely that which is forbidden; it effectually enlarges the statute of limitations period within which Williams may commence its action. Clearly, under the trial court's analysis, the plaintiff, not the legislature, determines the length of the statutory period. Instantly, Williams could unilaterally extend the statute of limitations by simply filing within one year of the casualty, then entering a voluntary nonsuit and subsequently filing a second action within a reasonable period of time. We will not allow such a result to occur.

In *Schmucker v. Naugle*, 426 Pa. 203, 231 A.2d 121 (1967), our Supreme Court unequivocally expressed the value of a definite statute of limitations, as follows:

'Statutes of limitation are vital to the welfare of society and are favored in the law. They are found in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extended to the limit prescribed, is

itself a conclusive bar. The bane and the antidote go together[.]'

*Schmucker, supra,* 231 A.2d at 123, quoting *United States v. Oregon Lumber Co.,* 260 U.S. 290, 299–300, 43 S.Ct. 100, 102, 67 L.Ed. 261 (1922). *See also Huss v. Comm., Dept. of Transp.,* 99 Cmnwlth.Ct. 386, 512 A.2d 1356, 1359 (1986).

Accordingly, we will enforce the statute of limitations with the effect which the legislature intended and time-honored jurisprudence mandates. In sum, we hold that a voluntary nonsuit operates to leave the parties as if no action had been filed at all. We also hold that the statute of limitations is not tolled by the filing of a suit subsequently nonsuited voluntarily. Consequently, we rule that the second action of a plaintiff commenced after expiration of the limitations period pursuant to Rule 231 is time-barred. Accordingly, we reverse the judgment of the lower court and enter judgment in favor of the appellant, Nationwide.

JUDGMENT REVERSED.