J-S08039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PENNYMAC HOLDINGS, LLC f/k/a PENNYMAC MORTGAGE INVESTMENT TRUST HOLDINGS I, LLC | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| CHRISTINE SMITH, IN HER CAPACITY AS HEIR OF FREDDIE BANKS, DECEASED; FREDERICK H. BANKS, IN HIS CAPACITY AS HEIR OF FREDDIE BANKS, DECEASED; THE UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF PA UNKNOWN HEIRS, SUCCESSORS, ASSIGNS, AND ALL PERSONS, FIRMS, OR ASSOCIATIONS CLAIMING RIGHT, TITLE OR INTEREST FROM OR UNDER FREDDIE BANKS, DECEASED, | : : : : : : : : : : : : : : | |
| APPEAL OF: FREDERICK H. BANKS | : | No. 1194 WDA 2015 |

Appeal from the Judgment entered August 3, 2015
in the Court of Common Pleas of Allegheny County,
Civil Division, No(s): MG-13-001318

BEFORE: STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 24, 2016**

Frederick H. Banks ("Banks"), *pro se*, appeals from the Order granting the Motion for entry of judgment filed by PennyMac Holdings, LLC f/k/a PennyMac Mortgage Investment Trust Holdings I, LLC (hereinafter "PennyMac"). We affirm.

J-S08039-16

PennyMac commenced this mortgage foreclosure action[1] against Banks in 2013, following the default on a mortgage issued to Banks's deceased mother, Freddie Banks ("Freddie").[2] Banks, acting *pro se*, filed numerous documents in response to the Complaint.[3] The trial court determined that

---

[1] PennyMac brings this action as the assignee of the original mortgagee, Firstar Bank, N.A., which assigned the mortgage to Citifinancial Mortgage Company ("Citifinancial"), which thereafter assigned the mortgage to PennyMac in November of 2012. Citifinancial initiated a mortgage foreclosure action against Banks in 2006. The trial court granted summary judgment for Citifinancial. However, on appeal, this Court reversed and remanded, based on the existence of genuine issues of material fact which precluded summary judgment. **See Citifinancial v. Banks**, 947 A.2d 820 (Pa. Super. 2008) (unpublished memorandum). In August of 2013, Citifinancial voluntarily discontinued the action. **See** Pa.R.C.P. 229(a); Pa.R.C.P. 231; **see also Motley Crew, LLC v. Bonner Chevrolet Co.**, 93 A.3d 474, 476 (Pa. Super. 2014) (explaining that the general effect of a discontinuance is to terminate the action without an adjudication of the merits, and to place the plaintiff in the same position as if the action had never been instituted); **Williams Studio Div. of Photography by Tallas, Inc. v. Nationwide Mut. Fire Ins. Co.**, 550 A.2d 1333, 1336 (Pa. Super. 1988) (providing that a plaintiff who voluntarily terminates an action before trial may commence a second action upon the same cause of action so long as the statute of limitations has not expired). Here, PennyMac, as the mortgagee of record, had standing to bring the instant action.

[2] Banks's sister, Christine Smith ("Smith"), and the United States of America were also named as defendants in this action, but are not parties to this appeal.

[3] Our review of the record indicates that the Complaint was properly served on Banks, who has been in prison throughout these proceedings. Further, in response to the Complaint, Banks filed a request for conciliation (which he failed to attend), an *ex parte* letter to the trial judge, an "Answer and Motion to Vacate Order" (which did not respond to any of the allegations in the Complaint), a Motion for summary judgment, and a Praecipe for entry of judgment (against PennyMac in the amount of $800,000). On June 2, 2014, Banks also filed a document entitled "Answer and Motion for Summary Judgment," wherein he failed to respond to any specific allegation contained

the filings made by Banks were legally insufficient and did not comply with the Pennsylvania Rules of Civil Procedure. **See** Trial Court Order, 6/16/14, at 2. Banks also failed to serve PennyMac with copies of his filings. **See id**. As a result, the trial court struck all of Banks's filings, and directed the court clerk to reject any further filings by Banks that did not conform to the Pennsylvania Rules of Civil Procedure. **See id**. Banks continued to file documents that did not conform to the Pennsylvania Rules of Civil Procedure, and sent several *ex parte* communications to the trial court.[4] On January 22, 2015, the trial court entered another Order striking Banks's filings, and directed the court clerk to reject any further filings made by Banks.[5] The trial court also entered an Order directing Banks to cease his *ex parte* communications with the court.

On September 25, 2014, PennyMac provided Banks with Notice of its intent to enter a judgment, pursuant to Pa.R.C.P. 237.1.[6] On October 16, 2014, PennyMac filed a Praecipe for an *in rem* judgment against Banks. On July 8, 2015, PennyMac provided Banks with Notice of its intent to present its Motion for entry of judgment. On July 30, 2015, following PennyMac's

---

in the Complaint, but included a statement that "[a]ll of the averments in [PennyMac's] Complaint 1-13 are denied."

[4] Banks also attempted to make filings on behalf of Smith.

[5] Although Banks filed a Motion for Reconsideration of the January 22, 2015 Order striking his additional filings, the trial court never ruled on the Motion.

[6] PennyMac provided additional Notices to Banks on January 23, 2015, and February 11, 2015.

presentment, the trial court orally granted PennyMac's Motion for entry of judgment against Banks.[7]  Banks filed a Notice of Appeal of that Order on July 31, 2015, and an amended Notice of Appeal on August 5, 2015.

On appeal, Banks raises the following issues for our review:

A. Whether this case is precluded by issue preclusion, claim preclusion, *res judicata*, collateral estoppel and/or [the] doctrine of sovereign immunity because the case was already remanded by the [Pennsylvania] Superior Court on the same set of facts and same mortgage in [PennyMac's] favor in a previous related case?

B. Whether [the trial] court erred because [the] Complaint did not seek to disgorge [Banks's] right, title, or interest in the property[,] but stated [PennyMac] would bring a separate action later[,] if needed[,] to establish such rights[,] yet court allowed for sale [of the property] though [Banks] claimed right[,] title and interest in [the] property?

C. Whether [the] statute of limitations ran out for bringing the case?

D. Whether [the] mortgage was never in default[,] as evidenced by checks and payment exhibits?

E. [Whether] PennyMac [had] standing to bring the suit because it did not own the mortgage[,] but only the "mortgage servicing?"

F. Whether with prejudice dismissal in trial court in **Citifinancial v. Freddie Banks**, GD-06-001215 (Common Pleas Allgy Cty) [*sic*] case was never appealed by PennyMac's assignor[,] Citimortgage[,] and therefore full[,] faith and credit must be given to that "Amended Praecipe to End with Prejudice" in this case because it was based on the same mortgage?

G. Whether [the] trial court violated [Banks's] due process rights by ordering all pleadings stricken from the docket[,] and by

---

[7] The trial court's written Order granting an *in rem* judgment in the amount of $103,856.56 against Banks was entered on the docket on August 3, 2015.

ignoring the fact that [] Smith's rights and her brother[, Banks's,] rights under the Selective Services Act were violated because Smith was in the military? Also, Smith and Banks were never served with a copy of the Complaint. The trial court lacked subject matter jurisdiction to consider the case.

H. [Banks's] Motion for Reconsideration was never ruled on by the trial court striking his pleadings in violation of due process[.]

I. PennyMac was not registered to do business in Pennsylvania in violation of Title 15 of Pa.C.S.[A.] and could not maintain this action[.]

J. [Whether the] judge in [the] trial court should have recused before entering judgment[,] and violated [Banks's] due process rights and abused his discretion by not doing so?

Brief for Appellant at 2-4 (explanatory portions of issues removed, some capitalization omitted, punctuation added).

As a prefatory matter we note that "*pro se* status does not entitle a party to any particular advantage because of his or her lack of legal training." ***First Union Mortg. Corp. v. Frempong***, 744 A.2d 327, 333 (Pa. Super. 1999). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. ***See In re Ullman***, 995 A.2d 1207, 1211-12 (Pa. Super. 2010). Moreover, "[t]he right of self-representation is not a license ... not to comply with relevant rules of procedural and substantive law." ***Jones v. Rudenstein***, 585 A.2d 520, 522 (Pa. Super. 1991) (citation omitted). Any person choosing to represent himself in a legal proceeding must, to a

- 5 -

reasonable extent, assume that his lack of expertise and legal training will be his undoing. *See Ullman*, 995 A.2d at 1212.

Pursuant to Pa.R.A.P. 302, issues not raised before the trial court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302. Additionally,

> [i]f an appellant has properly preserved an issue for appellate review, the appellant must include in his or her brief a "statement of the case" including a "statement of place of raising or preservation of issues." Pa.R.A.P. 2117(c). This information must also be referenced in the argument portion of the appellate brief. Pa.R.A.P. 2119(e).

*Commonwealth v. Baker*, 963 A.2d 495, 502 n.5 (Pa. Super. 2008); *see also* Pa.R.A.P. 2117(c) (providing that an appellant's statement of the case *shall* specify the manner and method in which the issue was raised before the trial court, how the issue was disposed of by the trial court, and the specific place in the record where the matter appears, so as to demonstrate that it was timely and properly raised); Pa.R.A.P. 2119(e) (providing that the argument section of an appellant's brief "must set forth … either a specific cross reference to the page or pages of the statement of the case which set forth the information … required pursuant to Rule 2117(c) …."). Further, "it is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review." *Baker*, 963 A.2d at 502 n.6 (citations omitted); *see also Phillips v. Lock*, 86 A.3d 906, 921 (Pa. Super. 2014).

Our review of Banks's brief reveals that neither his statement of the case nor the argument section of his brief contains a statement specifying the manner and method in which his issues were raised before the trial court, how the issues were disposed of by the trial court, and the specific places in the record where the matters appear, in violation of Rules 2117(c) and 2119(e). Banks seemingly concedes his non-compliance, but claims that he "does not have access to the docket," and requests that this Court "review the entire docket" on his behalf. Brief for Appellant at 5, 7; **see also id**. at 5, 7 (wherein Banks baldly asserts that all of his issues were preserved). However, it is not this Court's responsibility to scour the voluminous certified record, or the 1,054 page reproduced record supplied by PennyMac, to prove that Banks preserved his claims. **See** Pa.R.A.P. 2117(c); **see also Lock**, 86 A.3d at 921; **Baker**, 963 A.2d at 502 n.5, n.6.[8]

Additionally, "[t]he Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Estate of Haiko v. McGinley**, 799 A.2d 155, 161 (Pa. Super. 2002); **see also** Pa.R.A.P. 2119(b). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived.

---

[8] Banks's brief also fails to comply with the requirements of Pa.R.A.P. 2119(c), which provides that "[i]f reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears[.]"

Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." ***Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citations omitted). This Court will not act as counsel, and will not develop arguments on behalf of an appellant. ***See Irwin Union National Bank and Trust Co. v. Famous and Famous and ATL Ventures***, 4 A.3d 1099, 1103 (Pa. Super. 2010). Moreover, mere issue spotting, without meaningful analysis or citation to relevant legal authority to support an assertion, precludes our appellate review of a matter. ***See Coulter v. Ramsden***, 94 A.3d 1080, 1089 (Pa. Super. 2014).

Here, the argument section of Banks's brief does not contain meaningful discussion of, or citation to, relevant legal authority. ***See*** Brief for Appellant at 7-11. While the argument section of Banks's brief does contain reference to some case law, this section completely lacks any discussion or developed analysis relevant to the issues raised. ***See Ramsden***, 94 A.3d at 1089; ***see also Ullman***, 995 A.2d at 1212 (noting that "[e]ven if we liberally construe the materials [a]ppellant filed, the nearly unintelligible brief and lack of cogent legal argument hampers our ability to conduct meaningful appellate review."). This lack of analysis precludes meaningful appellate review. ***See Ullman***, 995 A.2d at 1212. Accordingly, because Banks's argument fails to set forth any meaningful

discussion of relevant legal authority, we conclude that his issues are waived.[9]

---

[9] Had we not deemed Banks's issues waived, we would have concluded that his appeal lacks merit. Even if the trial court had not stricken all of Banks's filings, his *only* response to the averments of the Complaint consists of a single sentence wherein he generally denied paragraphs one through thirteen of PennyMac's Complaint, which included averments regarding the existence of a mortgage entered into by Freddie, the default by Freddie, and the amount due and unpaid under the mortgage. **See** Complaint, ¶¶ 1-13. "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Pa.R.C.P. 1029(b). In a mortgage foreclosure action, general denials essentially constitute admissions. **First Wisconsin Trust Co. v. Strausser**, 653 A.2d 688, 692 (Pa. Super. 1995). The record discloses that Freddie defaulted on her mortgage, and Banks's general denials as to her default and the amount owed constitute admissions. **Id**. Because Banks admitted that the mortgage was in default and the amount owed, the trial court did not err in awarding *in rem* judgment to PennyMac. **See generally Bank of America, N.A. v. Gibson**, 102 A.3d 462, 465 (Pa. Super. 2014) (holding that a mortgage holder is "entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount."). Moreover, upon our review, Banks's remaining issues do not entitle him to relief on appeal.

J-S08039-16

Order affirmed. Application and Motion to disclose CIA electronic/surveillance denied. Motion for reconsideration denied. Application to dismiss denied.[10]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2016

---

[10] On February 11, 2016, Banks filed two additional, one-paged, handwritten Motions with this Court. In the first Motion, an Application and Motion to disclose CIA electronic/surveillance, Banks claims that he took part in a "Telepathic Behavior Modification" program administered by the Central Intelligence Agency ("CIA") wherein the CIA "monitored and harassed" Banks for years "via satellite with GPS tracking." Banks requests an Order from this Court directing the CIA to disclose any surveillance of Banks. In his second Motion, a Motion for reconsideration, Banks requests this Court to vacate its Order granting PennyMac an extension of time in which to file its brief on appeal. This Court granted PennyMac an extension based on Banks's failure to serve PennyMac with a copy of his brief on appeal. On March 22, 2016, Banks filed an additional, one-paged, handwritten Motion with this Court, entitled "Application to dismiss case No. MG13-001318 trial court case with prejudice for failing to name property." Because all of Banks Motions are clearly frivolous, we deny them. Additionally, Banks's handwritten Reply Brief, filed on March 17, 2016, is untimely, and we decline to consider it. *See* Pa.R.A.P. 2185(a).