J-A31037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES A. D'ANGELO, SR., AND CAROLYN D'ANGELO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JP MORGAN CHASE BANK, N.A. | |
| | No. 167 EDA 2016 |

Appeal from the Order November 30, 2015
in the Court of Common Pleas of Bucks County Civil Division
at No(s): No. 2006-06047

BEFORE: BENDER, P.J.E., MOULTON , J., and FITZGERALD, J.[*]

MEMORANDUM BY FITZGERALD, J.:             **FILED FEBRUARY 13, 2017**

Appellants, James A. D'Angelo, Sr. and Carolyn D'Angelo, appeal from an order of the Court of Common Pleas of Bucks County at No. 2006-06047 (1) granting the petition of JP Morgan Chase Bank ("Appellee") to voluntarily discontinue its mortgage foreclosure action against Appellants without prejudice at Civil Action No. 2006-06047, and (2) vacating a previous order consolidating the action at No. 2006-06047 with Appellant's tort action against Appellee at No. 2007-00041. Because this order is not appealable, we quash this appeal.

This matter has a lengthy procedural history. On July 3, 2006, Appellee filed a mortgage foreclosure action against Appellants at No. 2006-

---

[*] Former Justice specially assigned to the Superior Court.

- 1 -

06047 alleging that Appellants had defaulted on a note and mortgage dated August 11, 2005 ("the Note and Mortgage") in the amount of $1,462,500.00. Appellee sought to foreclose on residential property owned by Appellants in Doylestown, Pennsylvania ("the property").

On January 4, 2007, Appellants filed a multi-count complaint against Appellee and other defendants[1] at No. 2007-00041 seeking to quiet title and to obtain a declaratory judgment that the Note and Mortgage were forged and unenforceable. Appellee filed an answer to the complaint asserting that the Note and Mortgage were valid because they were duly notarized, and that Appellants would be unjustly enriched if the court granted declaratory relief, because Appellants had two prior mortgages on the property totaling approximately $1,500,000.00 which they had paid off with the proceeds of the Note. On March 12, 2007, Appellants filed an amended complaint at No. 2007-00041.

On July 1, 2010, Appellee filed a motion to consolidate the actions at Nos. 2006-06047 and 2007-00041. On July 16, 2010, Appellee filed a motion for partial summary judgment in Appellant's action at No. 2007-00041.

On December 14, 2010, the trial court granted Appellee's motion to consolidate the two actions. On April 11, 2011, the trial court granted

---

[1] The other defendants include James D'Angelo, Jr. (Appellants' son), Mortgage First Lending Group, Harry Anthony, Citizens Settlement Services, Inc., Tonya Friend and Michelle Sheridan.

Appellee's motion for partial summary judgment and imposed an equitable lien of $1,339,387.50 against Appellants' interest in the property, finding that regardless of whether the Note and Mortgage were forged, Appellants received a significant benefit from the Note and Mortgage by using the Note proceeds to pay off prior mortgages.

On December 28, 2011, Appellants filed a motion for leave to file a second amended complaint to add EMC Mortgage as an additional defendant and to add a new claim against Appellee and EMC Mortgage under the Unfair Trade Practices and Consumer Protection Law. The trial court did not immediately rule on Appellants' motion to amend.

On September 10, 2012, the trial court denied Appellants' emergency motion to stay the sheriff's sale of the property. On September 12, 2012, Appellants appealed the order denying their emergency motion to this Court at 2393 EDA 2012. On September 14, 2012, the property was sold to Appellee at sheriff's sale. Appellants failed to file a petition to set aside the sheriff's sale, and the sheriff's deed was recorded on October 10, 2012. On December 27, 2012, this Court quashed Appellants' appeal at 2393 EDA 2012 as interlocutory. On June 19, 2013, the Supreme Court denied Appellants' petition for allowance of appeal.

On February 6, 2014, Appellee filed a motion for partial summary judgment on Counts I and II of Appellants' amended complaint in No. 2007-

00041. On February 27, 2014, the trial court denied Appellants' motion for leave to file a second amended complaint in No. 2007-00041.

On March 13, 2014, Appellants filed a response in opposition to Appellee's motion for partial summary judgment in No. 2007-00041. On April 30, 2014, Appellants filed a motion for leave to file a third amended complaint on the basis of a press release by the United States Department of Justice which stated that Appellee had agreed to pay a $13 billion settlement for misleading investors about securities containing toxic mortgages.

On July 3, 2014, after briefing and oral argument, the trial court granted Appellee's motion for summary judgment on Count II but denied summary judgment on Count I. On August 8, 2014, Appellants appealed the July 3, 2014 order to this Court at 2313 EDA 2014. On January 13, 2015, the trial court denied Appellants' motion for leave to file a third amended complaint. On March 9, 2015, this Court quashed Appellants' appeal at 2313 EDA 2014.

Thereafter, on July 21, 2015, Appellee filed a motion to voluntarily discontinue its mortgage foreclosure action at No. 2006-06047 without prejudice pursuant to Pa.R.C.P. 229(a).[2] On August 17, 2015, Appellants filed a response opposing Appellee's motion. On December 1, 2015, the trial court entered the order presently on appeal, in which it granted Appellee's

---

[2] Pa.R.C.P. 229(a) provides: "A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial."

motion to voluntarily discontinue its action at No. 2006-06047 and vacated the order consolidating the actions at Nos. 2006-06047 and 2007-00041.

On December 30, 2015, Appellants filed a notice of appeal at No. 2006-06047—but not at No. 2007-00041—from the December 1, 2015 order. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise three issues in this appeal:

> 1. In this nearly ten-year old case, is it an abuse of discretion and error of law to twice deny Appellants' right to amend pleadings to aver transactions or occurrences, which have happened before or after the filing of the original pleadings and to conform pleadings to evidence offered or admitted?
>
> 2. Where a court grants a petition to voluntarily discontinue a foreclosure action "without prejudice" in a case that appears completely consolidated with a declaratory judgment action, which the court then severs in the same order, are all of the otherwise non-final and interlocutory orders issued in the consolidated actions now final appealable orders?
>
> 3. Is the April 11, 2011 [o]rder granting [Appellee] [p]artial [s]ummary [j]udgment in the amount of $1,339,387 and requiring . . . Appellants to confirm an equitable lien by executing an Amended and Restated Note and Mortgage effective August 11, 2015[,] subject to *vacatur* where Appellants prove that the Note and Mortgage are forgeries and that [Appellee] conspired with Stewart Title to defraud the court and Appellants in order to procure the equitable lien on Appellants' marital property using documents that [Appellee] and Stewart Title knew were forgeries?

Appellants' Brief at 5-6.

Before we may address the merits of Appellants' claims, we must first determine whether we have jurisdiction to entertain this appeal. A court's

jurisdiction is a threshold issue that the court may consider at any time. **See McCutcheon v. Philadelphia Elec. Co.**, 788 A.2d 345, 349 (Pa. 2002); **Kulp v. Hrivnak**, 765 A.2d 796, 798 (Pa. Super. 2000) ("since we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order") (citation omitted).

Based on our reasoning in **Motley Crew, LLC v. Bonner Chevrolet Co., Inc.**, 93 A.3d 474 (Pa. Super. 2014), we lack jurisdiction over Appellants' appeal from the order at No. 2006-06047 granting Appellee's motion to discontinue its action without prejudice. In **Motley Crew**, the plaintiffs filed a praecipe for entry of default judgment against the defendants, but the trial court granted the defendants' petition to open judgment. **Id.** at 474. The plaintiffs appealed to this Court and also filed a praecipe to discontinue their action with prejudice as to all defendants. **Id.**

In this Court, the plaintiffs contended that they could "render final for purposes of appeal an otherwise interlocutory order—in this case, the trial court's order granting [a]ppellees' petition to open default judgment—by simply discontinuing their underlying action." **Id.** at 476. This Court disagreed and quashed the appeal, reasoning as follows:

> The general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted. **See** 1 Goodrich–Amram 2d § 229:4; **see also Williams Studio Div. of Photography by Tallas, Inc. v. Nationwide Mut. Fire Ins. Co.,** [ ]

550 A.2d 1333, 1335 ([Pa.] 1988) (noting in case of a voluntary nonsuit, dismissal without prejudice operates to leave the parties as if no action had been brought at all). Hence, when an action is discontinued, there no longer is an action pending before the trial court. It is self-evident that if there is no action pending before a court, there is no matter over which a court can or may exert jurisdiction. The fact that a discontinuance operates to nullify an action as if it was never initiated is further supported by Pa.R.C.P. [ ] 231(a), which provides "[a]fter a discontinuance. . .the plaintiff may commence a second action upon the same cause of action. . . ." Rule 231(a) speaks in terms of a second or new action and not the continuation or revival of the action discontinued. *Id.* Appellants wrongfully equate the effect of entering a discontinuance of an action with the entry of a final order from which an appeal may be taken.

Moreover, [a]ppellants' discontinuance of their action rendered it moot, because there no longer was an actual case or controversy pending either before the trial court or now before this Court. "'[A]n actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009) (citing *Pub. Defender's Office of Venango County v. Venango County Court of Common Pleas*, [ ] 893 A.2d 1275, 1279 ([Pa.] 2006)). Quite simply, [a]ppellants, by discontinuing their action immediately prior to filing their appeal in this Court, deprived this Court of jurisdiction to hear the issues complained of in their appeal. Because no action is pending from which an appeal of an order can be heard, this Court is without jurisdiction to hear [a]ppellants' claims. Appellants rendered their action moot. This appeal, therefore, must be quashed. To do otherwise and permit the [a]ppellants, or any party, to convert an otherwise interlocutory order into a final order by the mere filing of a discontinuance praecipe would render meaningless the appellate jurisdiction of our courts and all rules that require that appeals only be taken from final orders of a trial court. Moreover, should this Court hear an appeal from an order in a case that has been discontinued below, it would be impossible to remand the matter back

to the trial court for further proceedings when there is no action in the trial court.

*Id.* at 476-77 (footnote omitted).  In a footnote, we observed:

Our decision here does not affect the proper use of a praecipe to voluntarily discontinue less than all parties or claims so that an interlocutory order as to any remaining claims or parties not discontinued may be rendered final for appeal purposes.  *See Riggio v. Burns*, 711 A.2d 497 (Pa. Super. 1998), *appeal dismissed,* [ ] 739 A.2d 161 ([Pa.] 1999) (interlocutory order granting summary judgment as to seven of nine counts was made final by a praecipe to discontinue remaining two counts); *Glenn v. Horan*, 765 A.2d 426, n. 1 (Pa. Cmwlth. 2001) (order granting preliminary objections and dismissing complaint as to one defendant was interlocutory at the time it was entered, but became a final, appealable order when plaintiff entered its "Praecipe to Settle, Discontinue, and End" as to all other defendants).  A [voluntary] discontinuance as to all parties and claims leaves no action pending before the trial court, whereas a [voluntary] discontinuance as to less than all parties and claims leaves those remaining claims and parties subject to a court's jurisdiction and permits appeals from orders affecting those remaining claims and parties.

*Id.* at 476 n. 5.

We acknowledge that a procedural difference exists between *Motley Crew* and this case.  The plaintiffs in *Motley Crew* discontinued their action **with** prejudice, whereas the plaintiff at No. 2006-06047—Appellee—discontinued its mortgage foreclosure action **without** prejudice.  Nevertheless, the discontinuance without prejudice in No. 2006-06047 had precisely the same effect as the discontinuance in *Motley Crew*: (1) it "terminate[d] [Appellee's] action without an adjudication of the merits," (2) it "place[d] [Appellee] in the same position as if the action had never been

instituted," (3) it "rendered [Appellee's action] moot, because there no longer was an actual case or controversy pending either before the trial court or now before this Court," and (4) if we heard this appeal, "it would be impossible to remand the matter back to the trial court for further proceedings when there is no action in the trial court." *Id.* at 476-77 (citations omitted). Moreover, as in *Motley Crew*, Appellee withdrew its entire action; Appellee did not "voluntarily discontinue less than all parties or claims so that an interlocutory order as to any remaining claims or parties not discontinued [were] rendered final for appeal purposes." *Id.* at 476 n. 5. For these reasons, it is equally as proper to quash Appellants' appeal from the order granting the discontinuance without prejudice as it was to quash the appeal in *Motley Crew*.[3]

---

[3] We briefly address several other jurisdictional flaws in Appellants' arguments. The second argument in Appellants' brief is that the order granting Appellee's motion to discontinue No. 2006-06047 without prejudice and vacating the December 14, 2010 consolidation order renders **all** issues in both Nos. 2006-06047 and 2007-00041 appealable. Building upon this thesis, the first and third arguments in Appellants' brief object to two rulings in No. 2007-00041: (1) the orders denying Appellants' motions to file second and third amended complaints, and (2) the equitable lien of $1,339,387 imposed against Appellants' interest in the property. None of the issues in No. 2007-00041 are appealable, because there is no final order in No. 2007-00041 disposing of all claims and all parties. The first count in No. 2007-00041 remains intact under the trial court's July 3, 2014 order. **See** Pa.R.A.P. 341(b)(1) ("A final order is any order that. . .disposes of all claims and all parties"). Nor is any order in No. 2007-00041 an appealable interlocutory order under Pa.R.A.P. 311, or an appealable collateral order under Pa.R.A.P. 313. Further, even if any issues in No. 2007-00041 were appealable, Appellants failed to file a notice of appeal in No. 2007-00041; their only notice of appeal was in No. 2006-06047.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017