J-A24040-17

2017 PA Super 389

DOROTHY A. GOLAB,                          :        IN THE SUPERIOR COURT OF
                                           :                PENNSYLVANIA
                Appellant                  :
                                           :
            v.                             :
                                           :
STACY M. KNUTH                             :        No. 555 WDA 2017

Appeal from the Order entered March 28, 2017
in the Court of Common Pleas of Erie County,
Civil  Division, No(s):  11708-2007

BEFORE:  MOULTON, SOLANO and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:                        **FILED DECEMBER 12, 2017**

Dorothy A. Golab ("Golab") appeals from the Order granting the Motion for Reconsideration filed by the defendant in the underlying personal injury action, Stacy M. Knuth ("Knuth"), and reinstating the trial court's prior Order terminating Golab's action for inactivity.  We affirm.

In May 2005, Golab and Knuth were involved in an automobile accident, which injured Golab.  Golab filed a civil Complaint against Knuth on July 20, 2007.  Knuth filed an Answer and New Matter on August 2, 2007. The parties thereafter engaged in discovery.  On February 23, 2009, the trial court entered a case management Order, directing that discovery shall be completed by May 2009, and identifying October 2009 as the recommended trial term for the case.  The parties thereafter submitted pretrial narrative statements, pursuant to the case management Order.  However, the case was never certified for trial, and never proceeded to trial.

Several years later, following no activity on the case, the trial court published a Termination Notice on October 16, 2015 (hereinafter "the Termination Notice"), in the Erie County Legal Journal.[1] The Termination Notice stated that the instant case (along with a list of myriad others) could be terminated, due to lack of docket activity, unless interested parties appeared at a hearing on November 30, 2015 ("termination hearing"), and showed good cause why their respective cases should not be terminated.[2] The Termination Notice provided that it was being issued pursuant to Pa.R.J.A. 1901 (governing termination of inactive cases), which states, in relevant part, as follows:

> **(a) General policy.** It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.
>
> **(b) Primary responsibility for implementation of policy.**
>
> > **(1)** Except as provided by paragraph (3), each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the

---

[1] The Erie County Legal Journal is the legal newspaper designated by the Erie County Local Rules of Court ("Erie Local Rule(s)") as the legal newspaper for the publication of all legal notices. *See* PA Erie Cty. Civ. L.R. 430.

[2] The Termination Notice listed, *inter alia*, each respective case's docket number and the names of the parties and their counsel. Notably, the trial court did not send notice by mail to the parties in this case or their counsel.

> community court or magisterial district judges of the peace of the judicial district.
>
> * * *
>
> **(c) Minimum standards.** Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:
>
> > **(1)** In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated; or
> >
> > **(2)** *By publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices* in any case where notice by mail cannot be given or has been returned undelivered or *where the docket of the matter shows no evidence of activity during the previous two years.* Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown.

Pa.R.J.A. 1901 (emphasis added). Importantly to the instant appeal, at the time that the trial court terminated Golab's case, there was no Erie Local

Rule in effect, pursuant to Rule 1901(b)(1), to implement the policy of Rule 1901.[3]

At the termination hearing, none of the parties in the instant case, nor their counsel, appeared. Accordingly, on December 3, 2015, the trial court entered an Order ("the Termination Order") terminating all of the cases listed in the Termination Notice, including the instant case.

Nearly one year later, on November 9, 2016, Golab filed a "Motion to Reinstate Case Terminated Pursuant to Pa.R.J.A. 1901" ("Motion to Reinstate"). Therein, Golab asserted, *inter alia*, that (1) "[Golab's] counsel

---

[3] The Erie Local Rules previously included a Rule implementing Rule 1901, which was repealed in 2004. This repealed Erie Local Rule provided as follows:

> Rule 310. TERMINATION OF ACTION OR PROCEEDING BECAUSE OF INACTIVITY.
>
> * * *
>
> The Prothonotary shall list for general call the first week of October of each year civil matters in which no steps or proceedings have been taken for two (2) years or more prior thereto and shall give notice thereof to counsel of record and to the parties for whom no appearance has been entered, as provided by Pa.R.J.A. No. 1901(c). If no action is taken or no written objection is docketed in such a matter prior to the commencement of the general call, the Prothonotary shall strike the matter from the list and forward a general order dismissing the matter with prejudice for failure to prosecute under the provisions of this Rule to the Administrative Judge of the Civil Division. If no good cause for continuing a matter is shown at the general call, an order shall be entered forthwith by the Court for dismissal.

**Dorich v. DiBacco**, 656 A.2d 522, 525 (Pa. Super. 1995) (quoting PA Erie Cty. Civ. L.R. 310 (repealed)).

developed various health issues that prevented him from proceeding to trial[;]" (2) "due to lack of health insurance, [Golab] was unable to have various diagnostic studies performed that would have enabled [Golab's] counsel to evaluate her case[;]" and (3) Golab never received notice of the proposed termination of her case via mail, and was unaware of the Termination Notice. Motion to Reinstate, 11/9/16, at ¶¶ 2, 5, 7. The Motion to Reinstate further explained as follows:

> Prior to April 23, 2014, [] Pennsylvania Rule of Civil Procedure 230.2 permitted termination of cases that were inactive for in excess of two years only after written notice by mail. That Rule was suspended effective April 23, 2014,[4] and apparently only Pennsylvania Rule of Judicial Administration 1901[,] which had been made effective in 1973[,] had remained in place before, during and after the enactment of the original Rule 230.2. Pa.R.J.A. 1901, however, permits termination of cases with just publication. Rule 230.2 was thereafter amended on December 9, 2015, and once again permitted termination of such cases[,] but only after written notice by mail.[5] The Rule became effective December 31, 2016.

*Id.* at ¶ 8 (footnotes added).

On November 14, 2016, Knuth filed a Response to the Motion to

---

[4] In the Supreme Court Order suspending Rule 230.2, the Court clarified that trial courts retained the "ability to proceed pursuant to Pa.R.J.A. No. 1901." *In re Order Suspending Pa.R.C.P. 230.2* (hereinafter "Rule 230.2 Suspension Order"), 2014 Pa. LEXIS 1042 (Apr. 23, 2014).

[5] Amended Rule 230.2 requires that the court send notice, either by mail or electronically, on the parties' respective counsel of record, thirty days prior to the date of the proposed termination. Pa.R.C.P. 230.2(b)(1), (2).

Reinstate, objecting to the reinstatement. By an Order entered on November 30, 2016, the trial court directed the Prothonotary to reinstate Golab's case, pursuant to Rule 1901(c)(2).[6] A few days later, Knuth filed a Motion for Reconsideration of this Order, pointing out that she had, in fact, objected to the Motion to Reinstate. Golab filed a Response to Knuth's Motion for Reconsideration.

Following a hearing on the Motion for Reconsideration, the trial court entered an Order on March 10, 2017, granting the Motion, and reinstating the court's prior Termination Order, which terminated Golab's case. The trial court explained its ruling as follows:

> The [c]ourt, in terminating the case[,] followed the mandates of Pa.R.J.A. 1901. Since there was no [Erie L]ocal [R]ule in effect at the time, the encompassing minimum standards for inactivity, timely notice, and publication contained in Rule 1901 properly become the [c]ourt's legal guideposts. Simply put, the lack of a specific local rule does not render a general state rule impotent[,] and the [c]ourt has found no specific persuasive legal authority to the contrary applicable to this case.

Order, 3/10/17, at 1.

Golab thereafter filed a "Motion to Reinstate the Case Terminated Pursuant to Pa.R.J.A. 1901," which the trial court denied by an Order entered on March 28, 2017. Golab then timely filed a Notice of Appeal. In response, the trial court issued a one-sentence Memorandum Opinion,

---

[6] In the November 30, 2016 Order, the trial court incorrectly stated that Knuth had not objected to the reinstatement of the case.

relying on the above-recited reasoning advanced in the March 10, 2017

Order.

Golab now presents the following questions for our review:

A) Whether the trial court made an error of law and/or abused its discretion in dismissing [Golab's] case on December 3, 2015, pursuant to Pa.R.J.A. 1901[,] without first enacting a Local Rule to implement Pa.R.J.A. 1901[,] as directed by that rule[?]

B) Whether or not publication in the Erie County Legal Journal constitutes adequate notice to the public and the profession[,] where the [c]ourt has failed to first implement a Local Rule placing the public and the profession on notice that Pa.R.J.A. 1901 was being implemented to conduct administrative purges of cases for docket inactivity[?]

C) Whether or not the trial court made an error of law and/or abused its discretion in failing to make findings of fact and a record to determine whether good cause was shown[,] and that [Knuth] had suffered no actual prejudice[?]

Brief for Appellant at 4. We will address Golab's issues together, as they are

related.

Our standard of review is as follows: "The question of whether an

action has been properly terminated pursuant to Pa.R.J.A. 1901, or its local

rule counterpart, rests within the discretion of the trial court and will not be

disturbed absent an abuse of that discretion or an error of law." *Tucker v.*

*Ellwood Quality Steels Co.*, 802 A.2d 663, 664 (Pa. Super.

2002) (citations omitted); *see also Indep. Tech. Servs. v. Campo's*

*Express*, 812 A.2d 1238, 1240 (Pa. Super. 2002) (stating that "[a]n order

- 7 -

terminating an action for inactivity will not be reversed absent a manifest abuse of discretion.").

A plaintiff has an affirmative duty to prosecute her action within a reasonable time. **Penn Piping, Inc. v. Ins. Co. of N. Am.**, 603 A.2d 1006, 1007 (Pa. 1992). "It is plaintiff, not defendant, who bears the risk of not acting within a reasonable time to move a case along." **Pilon v. Bally Eng'g Structures**, 645 A.2d 282, 285 (Pa. Super. 1994). Moreover, "[i]t is plaintiff's duty to move the case forward and to monitor the docket to reflect that movement." **State of the Art Med. Prods., Inc. v. Aries Med., Inc.**, 689 A.2d 957, 960 (Pa. Super. 1997).

Golab argues that the trial court improperly terminated her case where, in violation of Rule 1901, Erie County did not have a local rule to implement Rule 1901 in place at the time. **See** Brief for Appellant at 12-19. Specifically, Golab points out that Rule 1901 does not provide any procedural mechanism to implement the policy provisions of the Rule, and instead instructs the courts of common pleas to make local rules for such purpose. **Id.** at 13 (citing Pa.R.J.A. 1901(b)(1)); **see also** Brief for Appellant at 18-19 (asserting that the requirement to create local rules under Rule 1901(b)(1) is mandatory and unambiguous). Golab emphasizes that, at the time her case was terminated, there was no Erie Local Rule in place (following the repeal of Erie Local Rule 310, **supra**, in 2004), and Pa.R.C.P. 230.2, **supra**, was suspended. **Id.** at 13-14. According to Golab,

> [i]n addition to providing a procedural mechanism, the adoption of a local rule is necessary to place the profession and the public on notice that Pa.R.J.A. 1901 will be used in the county[,] and that notice of termination by publication in the county Legal Journal only was possible. [Golab] contends that this was especially important following the suspension of Rule 230[.2, which] had[,] for ten years or more[,] required notice by mail ….

*Id.* at 18.

Golab further asserts that the Termination Notice was inadequate to place her on notice that her case was going to be terminated for inactivity. *See id.* at 20 (asserting that the "one-time publication in the Erie County Legal Journal" was inadequate, and that Golab "had no notice that Pa.R.J.A. 1901 was ever going to be used in Erie County to conduct an administrative purge."). Finally, Golab contends that the trial court erred in terminating her case where it failed to make factual findings and discern whether (1) Golab offered good cause for her delay in bringing the case to trial; and (2) Knuth had suffered actual prejudice by the delay. *See id.* at 22-25; *see also id.* at 23 (detailing the reasons for Golab's delay, including her lack of health insurance and the health problems of her counsel). Accordingly, Golab contends, "even if her case could be terminated pursuant to Rule 1901 without a local rule and notice of same, she may still be entitled to have her case reinstated upon a showing of good cause[,]" and fact-finding proceedings are thus necessary. *Id.* at 25.

Our research discloses no case law guidance dealing with this particular issue. Nevertheless, we cannot agree with Golab that the lack of a

local rule implementing Rule 1901 rendered the trial court powerless to proceed under Rule 1901 to conduct administrative purges, where the court complied with the minimum standards for notice set forth in Rule 1901(c). Though we sympathize with Golab's plight, *i.e.*, in that the Termination Notice was issued during a time in Erie County wherein cases could be terminated for inactivity with only notice by publication, such notice was proper and sufficient under Rule 1901(c)(2). Additionally, it would be unjust to penalize Knuth (and other similarly-situated defendants in Erie County) for the absence of a procedure for dismissal of inactive cases in the Erie Local Rules, where the trial court complied with the only law in place at that time, Rule 1901. Accordingly, contrary to Golab's contention, the Termination Notice was not inadequate, and no additional notice was required. Moreover, the trial court was not required to conduct an evidentiary hearing concerning the cause for Golab's delay and whether Knuth was prejudiced, particularly where resurrection of Golab's case, after approximately seven years of docket inactivity, would run afoul of the policy of Rule 1901, which mandates that actions be concluded as promptly as possible.[7] As such, we conclude that the trial court did not abuse its

---

[7] While we can appreciate, and are sympathetic to, the reason for Golab's delay of nearly a year after her case was terminated to file the Motion to Reinstate, *i.e.*, her counsel's serious illness during this time, no adequate explanation was given as to why the case was inactive from 2009, when discovery was completed, to 2015.

discretion or commit an error of law in reinstating the prior Termination Order terminating Golab's action for inactivity.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017