J-A11003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAUL ADAMCHICK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHARLENE R. ADAMCHICK | |
| Appellee | No. 1655 MDA 2017 |

Appeal from the Order Entered October 3, 2017
In the Court of Common Pleas of Luzerne County
Civil Division at No: 4205-2012

BEFORE:  STABILE, J., NICHOLS, J., and PLATT, J.*

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 11, 2018**

Appellant, Paul Adamchick ("Husband"), appeals from an order relating to the equitable distribution of property in the marital estate.  We affirm.

The facts of this case are undisputed.[1]  On April 3, 2012, Husband filed this divorce action.  On August 13, 2014, a divorce master held a hearing. Two and a half years later, on May 11, 2017, the master issued his report and recommendation relating to equitable distribution of the parties' assets.  On October 3, 2017, the trial court entered an order adopting the master's report and recommendation.  On October 23, 2017, Husband filed a notice of appeal

---

* Retired Senior Judge assigned to the Superior Court.

[1] These facts are taken from the trial court's Pa.R.A.P. 1925(a) opinion filed on December 14, 2017.

to this Court. Subsequently, Husband filed a Pa.R.A.P. 1925(b) statement, and the trial court issued a Pa.R.A.P. 1925(a) opinion.

Husband raises the following issues in this appeal:

I. Does the recognition of thirty-nine (39) items of personal property as marital assets amount to a "double dip" in that the same items were considered as income in [Wife's] request for spousal support]?]

II. Does the fact that the master's report and recommendation was filed two and one-half (2½) years after the date of hearing violate Pa. Rule of Civil Procedure 1920.55-2(a)(1)(ii)[2] and does the delay [a]ffect [Husband's] ability to make a distribution "in kind"?

Appellant's Brief at 1.

After careful review of the record and the relevant case law, we conclude that the trial court correctly addressed Husband's first issue on appeal. *See* Trial Court Opinion, 12/14/17, at 3-7.

In his second argument, Husband argues that he suffered prejudice from the master's 2½ year delay in issuing his report and recommendation. The master recommended that Husband have the option of distributing marital assets to Wife in-kind. According to Husband, however,

during the [master's] two and one-half (2-1/2) year delay [Husband] was unaware of the . . . intentions of the [m]aster and continued to buy and sell the items of personal property. Certainly, no freeze order was entered. By the time he received the [master's report], it was too late to take advantage of a distribution in-kind [because Husband had already sold the items

_____

[2] Rule 1920.55-2(a)(1)(ii) requires the master to file his report "within thirty days from the last to occur of the receipt of the transcript by the master or close of the record in contested actions."

in question]. It is unknown what the [m]aster's opinion as to the value of these items would have been if he did not make an in-kind distribution available.

Husband's Brief at 6-7.

Husband has waived this issue by failing to raise it in his Pa.R.A.P. 1925(b) statement. **Barton v. Lowe's Home Centers, Inc.**, 124 A.3d 349, 356 n.4 (Pa. Super. 2015) (consumer who claimed that lawnmower he bought from major retail chain caught fire and burned down his barn waived right to raise "malfunction" theory of strict liability in appeal due to failure to raise issue in his statement of errors complained of on appeal).

Even if Husband had preserved this issue for appeal, it is devoid of merit. As the plaintiff in this action, Husband "[bore] the risk of not acting within a reasonable time to move a case along . . . It is plaintiff's duty to move the case forward and to monitor the docket to reflect that movement." **Golab v. Knuth**, 176 A.3d 335, 339 (Pa. Super. 2017). The record does not indicate that Husband requested the master to issue his decision during the 2½ year hiatus. By not seeking a decision, Husband bore the risk that in-kind distribution would no longer be possible at the time of the report.

We affirm the trial court's order and direct that a copy of the December 14, 2017 trial court opinion be attached to any future filings in this case.

Order affirmed.

Judge Platt joins this memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/2018