J-S34028-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| KAROLY KEHRER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD AND PATRICIA KENNY | : | No. 76 WDA 2019 |

Appeal from the Order Entered December 21, 2018
In the Court of Common Pleas of Beaver County Civil Division at No(s):
11196 OF 2015

BEFORE:    DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    FILED OCTOBER 02, 2019

Karoly Kehrer appeals pro se from the order terminating his civil action due to inactivity. We find that Kehrer waived his claim by filing a late statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Further, even if he had not waived the claim, we would conclude that the trial court did not err or abuse its discretion. We therefore affirm.

In September 2015, Kehrer filed a Complaint against Richard and Patricia Kenny in this landlord-tenant dispute seeking the return of a security deposit and the return of his personal property. The Kennys filed an Answer and New Matter, and, in December 2015, Kehrer filed a Reply to New Matter and Counterclaim.

The next docket entry was nearly three years later in November 2018, when the trial court issued an order pursuant to Pennsylvania Rule of Judicial Administration 1901 in which it made its own motion to terminate the case for

_____
*   Retired Senior Judge assigned to the Superior Court.

inactivity. Kehrer responded with a pro se request for a continuance. The trial court treated this request as a request for a hearing, and scheduled one. The Kennys filed a Memorandum in Support of Dismissal/Termination of Lawsuit for Inactivity.

At a hearing in December 2018, Kehrer and his counsel attempted to explain the inactivity. Kehrer stated that he left the country multiple times and, before each trip, asked his counsel if a court date had been scheduled, and counsel always replied that no date had been scheduled. N.T., 12/21/19, at 17. His counsel stated he had asked Kehrer what Kehrer wished to do in the case. Kehrer had not expressed his wishes, but rather was only concerned with whether there was a case scheduled. Id. at 6-7. Counsel also stated that Kehrer informed counsel in July 2018 that he wished to represent himself, but that counsel never filed a petition to withdraw. Id. at 6.

The trial court found there was no reasonable basis for the inactivity and dismissed the case. Kehrer filed a timely pro se Notice of Appeal.

On January 22, 2019, the trial court ordered Kehrer to file and serve a concise statement of errors complained of on appeal in accordance with Rule 1925(b) within 21 days of the date of the order, or by February 12, 2019. Order, filed Jan. 22, 2019. The trial court sent a copy of this order to the parties on January 23, 2019. Kehrer filed a Rule 1925(b) statement on February 19, 2019, one week late.

On appeal, Kehrer argues that the trial court erred in dismissing his case because he asked his counsel to proceed, but his counsel failed to do so.[1] Kehrer has waived the issue raised on appeal by failing to timely file a statement of errors complained of on appeal pursuant to Rule 1925(b). Here, the court issued an order requiring that Kehrer file a Rule 1925(b) statement within 21 days of the date of the order, or by February 12, 2019. The order required the statement to be filed with the court and served on the trial judge, and warned that a failure to file the statement would result in waiver. The court administrator mailed the order to the parties. Kehrer did not file his statement until February 19, 2019. He has therefore waived his claim. *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 226-27 (Pa.Super. 2014) (en banc) (concluding party waived issues where trial court issued order that complied with the Rule 1925(b), the order was served on appellant, and appellant filed untimely Rule 1925(b) statement).

Even if Kehrer had not waived his claim, we would conclude it lacked merit. We review a trial court order terminating a case under Rule 1901 for an abuse of discretion or error of law. *Golab v. Knuth*, 176 A.3d 335, 338 (Pa.Super. 2017).

Pennsylvania Rule of Judicial Administration 1901 provides:

_____

[1] Kehrer's brief does not contain a statement of questions raised on appeal, but his issue is easily discernible from the argument contained in his brief.

(a) General policy. It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

(b) Primary responsibility for implementation of policy.

(1) Except as provided by paragraph (3), each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the community court or magisterial district judges of the judicial district.

(2) The Philadelphia Municipal Court is directed to make rules of court for such purposes.

(3) The policy set forth in subdivision (a) of this rule shall be implemented in actions governed by the Pennsylvania Rules of Civil Procedure pursuant to Rule of Civil Procedure 230.2.

(c) Minimum standards. Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

(1) In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated; . . .

Pa.R.J.A. 1901.

Beaver County adopted local rules requiring the Court Administrator to compile a list of cases in which no steps or proceedings have been taken for two or more years, and provide notice to the parties in such cases that the case will be terminated. Beaver Cnty. Local R.J.A. 1901A-B. The local rules

require that the court provide at least 30 days' notice of the termination, inform the parties that the case will be terminated for unreasonable activity unless the party files an objection explaining why the inactivity is not unreasonable, and providing that if there is no response to the objection, the objection may be sustained. Beaver Cnty. Local R. 1901C-D, 1901G. The local rules provide that where the court is presented with objections and a response thereto, the Court Administrator "will refer the case to the Court for disposition either on the pleading, or after a hearing or argument." Beaver Cnty. Local R. 1901H.

Here, the court held a hearing to determine whether the delay was reasonable, and Kehrer offered no reasonable explanation as to why no action was taken in this matter for three years. Under these circumstances, we cannot say that the order dismissing the case for inactivity was an abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2019