J-A07030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GUY MARTIN, GAIL ANN MARTIN AND TANYA L. MARTIN A/K/A TANYA LEE MARTIN-KIRKUTIS | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 834 MDA 2019 |
| BANK OF AMERICA, BANK OF AMERICA BORROWERS PROTECTION PLAN, AND POWER, KIRN & JAVARDIAN, LLC | : : : : : | |

Appeal from the Order Entered April 18, 2019
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2014-6257

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:          **FILED: MAY 26, 2020**

Appellants, Guy Martin, Gail Ann Martin, and Tanya Lee Martin a/k/a Tanya Lee Martin-Kirkutis, purport to appeal from the Order entered April 18, 2019 ("Preliminary Objections Order"), which sustained in part Preliminary Objections filed by Bank of America and its Co-Defendants (collectively, "Appellees").  In that Order, the trial court struck Appellants' Complaint as improper, pursuant to Pa.R.C.P. 1028(a)(2), because the court had previously dismissed this matter with prejudice.  We discern neither legal error nor abuse of discretion in the trial court's decision.  Thus, we affirm.

In May 2014, Appellants commenced litigation against Appellees by Writ of Summons.[1] In December 2016, the trial court scheduled a status conference and indicated that failure to attend the conference could result in dismissal of Appellants' case. Appellants failed to appear at the conference.

In January 2017, the trial court dismissed the case with prejudice due to inactivity. Trial Ct. Order, 1/20/17 ("Dismissal Order"). The Luzerne County Prothonotary notified all parties of the court's decision pursuant to Pa.R.C.P. 236. Appellants did not appeal from the Dismissal Order.

In February 2018, Appellants filed a Complaint. Appellees filed Preliminary Objections, in relevant part asserting that the Complaint should be stricken because the trial court had dismissed this action previously with prejudice and because Appellants had taken no steps to reinstate it. Preliminary Objections, 5/25/18, at 4-5. In their response, Appellants denied any knowledge of the prior dismissal. *See* Answer, 8/12/18, at 6-8.

In April 2019, the court sustained in part Appellants' Preliminary Objections, striking the Complaint as improper. *See* Preliminary Objections Order, 4/18/19, at 1 (citing Pa.R.A.P. 1028(a)(2)).[2]

_____

[1] A cover sheet generated at the time Appellants commenced this litigation indicates that Appellants intended to pursue claims asserting breach of fiduciary obligations. *See* Docket Cover Sheet, 5/19/14.

[2] The court also overruled other objections as moot. *See id.*

Appellants timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement.[3] The trial court issued a responsive Opinion.

Appellants raise the following issue:

W[hether] the [t]rial [c]ourt should permit Appellants to refile an Amended Complaint at the conclusion of the hearing on the Motion to Reinstate Case and, as a result, the current order of April [18], 2019 should be amended to hold the matter in abeyance pending the results of the pending motion and hearing on the said Motion to Reinstate Case Terminated Pursuant to Pa.R.J.A. 1901.

Appellants' Br. at 3 (internal footnote omitted).

We will not reverse a trial court's decision to sustain preliminary objections absent legal error or an abuse of discretion. *Kirschner v. K & L Gates LLP*, 46 A.3d 737, 748 (Pa. Super. 2012). Where the decision of the trial court will result in the denial of a claim, we will affirm the trial court only in cases free and clear of doubt. *Cooper v. Frankford Health Care Sys., Inc.*, 960 A.2d 134, 144 (Pa. Super. 2008).

In this case, the trial court determined that Appellants filed a Complaint more than a year after the court had dismissed this case with prejudice. **See** Trial Ct. Op., 8/30/19, at 2, 6-7. According to the trial court, Appellants could not proceed with litigation until they first reinstated this action. **See id.** at 6-

---

[3] After the issuance of the Preliminary Objections Order, and more than two years after the trial court had terminated this case administratively, Appellants sought to reinstate it. Motion to Reinstate Case, 4/22/19. The trial court scheduled a hearing but thereafter stayed further action on Appellant's Motion pending resolution of this appeal. **See** Trial Ct. Order, 5/23/19.

7. We agree—Appellants must seek leave to reinstate this action before proceeding further. **See** Pa.R.J.A. 1901;[4] Pa.R.C.P. 230.2. Therefore, we discern no legal error or abuse of the trial court's discretion in striking Appellants' Complaint as improper. **Kirschner**, 46 A.3d at 748; Pa.R.C.P. 1028(a)(2).

Appellants' arguments in their brief are limited to challenges to the Dismissal Order. **See** Appellants' Br. at 11-15.[5] For example, Appellants dispute the trial court's finding that they failed to prosecute their claims. **Id.** at 12. They assert that the court failed to provide adequate notice of a status conference and denied them an opportunity to participate in a hearing prior to dismissal. **Id.** at 13. They suggest Appellees suffered no prejudice from

---

[4] The trial court dismissed this case pursuant to Pennsylvania Rule of Judicial Administration 1901, which provides an administrative mechanism empowering our courts of common pleas to cull from their dockets those cases that have fallen dormant and that have remained inactive for an unreasonable period of time. **See** Pa.R.J.A. 1901(a). It reflects the general policy of this Commonwealth to promote the prompt completion of litigation. **See Golab v. Knuth**, 176 A.3d 335, 340 (Pa. Super. 2017).

[5] Appellants do not challenge the legal merits of the Preliminary Objections Order. **See generally** Appellants' Br. Instead, Appellants argue, in a single paragraph, that the trial court should have delayed its decision and granted Appellants leave to amend their Complaint. **Id.** at 16 (noting this Commonwealth's liberal policy permitting amendments to pleadings). Although Appellants made a similar argument in a Motion to Reconsider, filed 5/17/19, Appellants filed this Motion at the same time as their Notice of Appeal, thus affording the trial court no opportunity to consider its merits. We therefore conclude that Appellants have waived this argument. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

any delay in this litigation. *Id.* at 13-14. Finally, according to Appellant, they never received notice of the Dismissal Order. *Id.* at 14-15.[6]

These arguments are not appropriate in this appeal. Rather, Appellants must direct these arguments first to the trial court in a motion to reinstate their action. *See supra* note 3; Pa.R.A.P. 302(a). Thus, we decline to address them herein.[7]

Order affirmed; Application to Strike denied as moot.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/26/2020

---

[6] Notwithstanding Appellants' assertion, we note that the docket for this matter indicates that the Luzerne County Prothonotary forwarded the Dismissal Order pursuant to Pa.R.C.P. 236. There is no indication that this notice was returned as undeliverable.

[7] Appellees have filed an Application to Strike portions of Appellants' Reproduced Record. *See* Application to Strike, 12/16/19. In light of disposition, we deny the Application as moot.

- 5 -