J-S05043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GUY MARTIN, GAIL ANN MARTIN AND TANYA L. MARTIN A/K/A TANYA LEE MARTIN-KIRKUTIS | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : | |
| | : | No. 883 MDA 2021 |
| | : | |
| BANK OF AMERICA, BANK OF AMERICA BORROWERS PROTECTION PLAN, AND POWER, KIRN & JAVARDIAN, LLC | : : : : : | |

Appeal from the Order Entered June 21, 2021
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2014-6257

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED:  APRIL 26, 2022**

Appellants, Guy Martin ("Mr. Martin"), Gail Ann Martin, and Tanya L. Martin a/k/a Tanya Lee Martin-Kirkutis, appeal from the June 21, 2021 Order denying Appellants' Motion to Reinstate Case and dismissing Appellants' Complaint with prejudice in this action alleging that Appellees, Bank of America, Bank of America Borrowers' Protection Plan, and Power, Kirn & Javardian, LLC, engaged in fraud and misrepresentation and violated the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. § 201-1 *et seq*.  After careful review, we affirm.

While the facts of this matter are largely immaterial to our disposition, the relevant procedural history is as follows.  On May 19, 2014, Appellants

initiated this action by filing a *Writ* of Summons. In March 2014, and July 2015, Appellants filed *Praecipe* to Re-Issue *Writ* of Summons.

No further docket activity occurred until the trial court issued a Notice of Termination of Court Case. This prompted Appellant to file, on October 16, 2016, a Statement of Intention to Proceed. As a result of the docket inactivity, the Luzerne County Court Administrator placed this case on a list of inactive cases for which status conferences were required.

On December 22, 2016, the court entered an Order scheduling a status conference for January 12, 2017. The lower court docket does not reflect entry of Pa.R.C.P. 236 Notice of the Order.

At the January 12, 2017 status conference, counsel for Appellees appeared. Counsel for Appellants, however, failed to appear. Thus, the court dismissed the case with prejudice pursuant to Pa.R.J.A. 1901 and Pa.R.C.P. 230.2.[1] The docket reflects that, on January 20, 2017, the court clerk mailed a copy of the Order to all parties and counsel of record pursuant to Rule 236.[2]

---

[1] Pa.R.J.A. 1901 provides an administrative mechanism empowering the courts of common pleas to cull from their dockets cases that have fallen dormant and that have remained inactive for an unreasonable period of time. *See* Pa.R.J.A. 1901(a). It reflects the general policy of this Commonwealth to promote the prompt completion of litigation. **Golab v. Knuth**, 176 A.3d 335, 340 (Pa. Super. 2017). Pa.R.C.P. 230.2 provides the procedure for implementing the policy set forth in Pa.R.J.A. 1901(a). **See** Pa.R.J.A. 1901(b)(3).

[2] Appellants deny having received notice of the court's Order dismissing the case but concede a Rule 236 Notice appears on the docket. Appellants' Brief at 13.

Appellants did not file an appeal or seek reconsideration of the Order and did not file a petition to reinstate the case.

Instead, on February 1, 2018, Appellants filed a Complaint raising the above claims. On April 5, 2018, Appellants filed a *Praecipe* to Reinstate Complaint.

On May 25, 2018, Appellees filed Preliminary Objections pursuant to Pa.R.C.P. 1028(a)(2), (3), and (4) because the court had previously dismissed the case with prejudice. The Luzerne County Court Administrator did not assign this matter to a judge until almost one year later, in April 2019.

On April 17, 2019, the trial court sustained Appellees' Preliminary Objections and struck the Complaint as improper pursuant to Rule 1028(a)(2). Relevantly, the trial court concluded that Appellants could not proceed with litigation until they first reinstated the action. **See** Trial Ct. Op., 8/30/19, at 6-7. Appellants appealed this Order and, on May 26, 2020, this Court affirmed. **See Martin v. Bank of Am.**, 834 MDA 2019, 2020 WL 2735562 (Pa. Super. filed May 26, 2020) (unpublished memorandum). In affirming the trial court's order, this Court agreed with the trial court that Pa.R.J.A. 1901 and Pa.R.C.P. 230.2 required Appellants to seek leave to reinstate the action before proceeding further by filing a complaint. **See id.** at *2.

While Appellants' appeal was pending, on April 22, 2019, Appellants filed the instant Motion to Reinstate Case ("Motion to Reinstate"). In the Motion, Appellants asserted that: (1) they had properly filed a Statement of Intention to Proceed; (2) they did not receive a copy of the court's December 22, 2016

Order scheduling a status conference; (3) the docket shows that the Order was not compliant with Rule 236; (4) they appeared in court for numerous other matters on the same day of the status conference in this case and remained unaware that this matter was scheduled to be heard that day; (5) not all of the Appellees were represented at the status conference, which further evidences lack of notice of the conference; (6) this case was not included on the list of matters scheduled for hearing on January 17, 2017 provided to Appellants' counsel by the court's clerk on the day in question; and (7) no party would be prejudiced by reinstatement of the case. Importantly, Appellants did not provide any explanation for their decision to file a Complaint instead of petitioning the court to reinstate this matter or for their delay of more than two years in filing the instant Motion to Reinstate Case.

On May 13, 2019, Appellees filed a response to the Motion to Reinstate. On May 21, 2019, the trial court stayed Appellants' Motion to Reinstate pending appeal.

Following our disposition of Appellants' appeal, on August 10, 2020, Appellees filed a Motion to Lift Stay. Appellants did not file an answer. On December 18, 2020, the trial court held a hearing on the Motion to Lift Stay and Appellants' Motion to Reinstate. On June 21, 2021, the court granted Appellees' Motion to Lift Stay and denied Appellants' Motion to Reinstate.

This timely appeal followed. Both Appellants and the trial court have complied with Pa.R.A.P. 1925.

Appellants raise the following issue on appeal:

Whether the trial court erred an/or abused its discretion in denying [Appellants'] Motion to Reinstate Case when [Appellants] were never notified of the status conference and since no hearing was ever held on the matter as required by law, and since there was only 21 days between the alleged notice and the termination status conference[?]

Appellants' Brief at 3.

Appellants first argue that the failure of the trial court to provide Rule 236 Notice of the January 12, 2017 status conference rendered all subsequent action in the case a legal nullity. *Id.* at 12-14. They conclude, therefore, that the trial court abused its discretion in denying their Petition to Reinstate Case. Appellants do not dispute, however, that they had notice of the court's January 20, 2017 order terminating the case and that they did not seek reinstatement for more than two years. *Id.*

We begin by noting that "[t]he question of whether an action has been properly terminated pursuant to Pa.R.J.A. 1901, or its local rule counterpart, rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law." *Tucker v. Ellwood Quality Steels Co.*, 802 A.2d 663, 664 (Pa. Super. 2002) (citations omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Dibish v. Ameriprise Fin., Inc.*, 134 A.3d 1079, 1095 (Pa. Super. 2016) (citation omitted).

- 5 -

Pa.R.C.P. 230.2, Termination of Inactive Cases, provides, in relevant part, as follows:

(d)(1) If an action has been terminated pursuant to this rule, an aggrieved party may petition the court to reinstate the action.

(2) If the petition is filed within sixty days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action.

(3) If the petition is filed more than sixty days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action upon a showing that

(i) the petition was timely filed following the entry of the order for termination and

(ii) there is a reasonable explanation or a legitimate excuse for the failure to file both

(A) the statement of intention to proceed prior to the entry of the order of termination on the docket and,

(B) the petition to reinstate the action within sixty days after the entry of the order of termination on the docket.

Pa.R.C.P. 230.2(d)(1)-(3).

Critically, the rule provides that, if the aggrieved party files a petition to reinstate the action more than 60 days after the court terminates it, the petitioner must show, among other things, that he has a reasonable explanation or a legitimate excuse for the failure to file the timely file the petition to reinstate the action. *Id.* at (d)(3)(ii)(B).

The trial court explained that it denied Appellant's Motion to Reinstate because Appellants filed the motion more than 60 days after the court dismissed the case with prejudice and Appellants failed to offer a reasonable

explanation or legitimate excuse for the delay. Trial Ct. Op., 8/23/21, at 7. Our review of the record confirms that Appellants waited more than two years after the court terminated this case to file the Motion to Reinstate. In addition, in the motion, Appellants proffered no explanation, reasonable or otherwise, why they failed to file the motion to reinstate the case within 60 days after the court docketed the order terminating it. Thus, they did not satisfy the requirements for reinstatement set forth in Rule 230.2(d) and the trial court did not abuse its discretion in denying Appellants' Motion to Reinstate. Appellants are, therefore, not entitled to relief.[3, 4]

Order affirmed.

---

[3] Appellants have also asserted that "[n]either Pa.R.C.P. 230.2 or Pa.R.J.A. permit the action taken by the trial court," *see* Appellants' Brief at 14-18, and that "Pa.R.C.P. 230.2 does not require an appeal for a petition for reinstatement beyond 30 days as stated by the trial court," *see id.* at 18-21. Appellants have not, however, supported these assertions with citation to any controlling authority in violation of Pa.R.A.P. 2119 (requiring an appellant's argument to be supported with "discussion and citation of authorities as are deemed pertinent."). We, therefore, decline to address them.

[4] In their final argument, Appellants assert that the case law relied upon by the trial court is inapplicable to the instant case. Appellants' Brief at 21-22. Appellants did not include this issue in their Statement of Questions Involved and it is not fairly suggested thereby; thus, it is waived. *See* Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/26/2022</u>