J-A11025-22

2023 PA Super 12

RODSHON MYERS                    :     IN THE SUPERIOR COURT OF
                                 :          PENNSYLVANIA
            Appellant            :
                                 :
                                 :
                                 :
            v.                   :
                                 :
                                 :
                                 :
KAREN GEER AND DAVID BLIZZARD    :     No. 1519 EDA 2021

Appeal from the Order Entered June 23, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  0405 March Term 2015

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

OPINION BY BOWES, J.:                    **FILED JANUARY 25, 2023**

Rodshon Myers ("Appellant") appeals from the June 23, 2021 order denying his petition to vacate the administrative termination of this civil claims naming Karen Geer and David Blizzard (collectively, "the Defendants") for inactivity.  After careful review, we reverse and remand.

Appellant commenced this civil action in March 2015 by filing a *praecipe* for a writ of summons through his attorney, Harris R. Rosen ("Mr. Rosen"), which stated, *inter alia*, that the amount in controversy was $50,000 or less. *See* Writ of Summons, 3/3/15, at 1.  Consequently, Appellant's case was enrolled in the Philadelphia Court of Common Pleas' arbitration program. *See* Phila. Civ. R. 1301 ("[A]ll cases having an amount in controversy, exclusive of interest and costs, of $50,000 or less shall be assigned to the Compulsory Arbitration Program of the Court of Common Pleas of Philadelphia County."). Prior to the first scheduled arbitration hearing, Appellant applied to the trial

court for "deferred status" pursuant to the Philadelphia Civil Rule 1303(B)(1)(ii), averring that he was currently incarcerated. *See* Deferral Application, 10/28/15; Phila. Civ. R. 1303(B)(1)(ii) at Note (providing cases in the Arbitration Program "may be deferred due to *inter alia* bankruptcy, imprisonment, or military status of any party"). Although the nature and projected duration of Appellant's incarceration is not evident in the record, the trial court granted Appellant's deferral application the same day it was filed. *See* Administrative Order, 10/28/15, at 1.

While Appellant's case remained deferred, Mr. Rosen was suspended from the practice of law by our Supreme Court as of April 15, 2017. *See* Petition to Vacate, 5/12/21, at Exhibit A ¶ 241. In connection with his suspension, the High Court directed Mr. Rosen to refrain from the practice of law and cease all client contact. *Id*. at ¶ 270. Mr. Rosen was also instructed to comply with Pa.R.D.E. 217, which generally "prohibits a formerly admitted attorney from engaging in any form of law-related activities[.]" *Office of Disciplinary Counsel v. Marcone*, 855 A.2d 654, 660 (Pa. 2004); Pa.R.D.E. 217(j). Under this provision, Mr. Rosen was also required to inform the court, Appellant, and the Defendants of his suspension and then seek to withdraw his appearance. *See* Pa.R.D.E. 217(b)-(c). There is no documentation in the certified record suggesting Mr. Rosen provided this required notice to the court or the parties. Thus, despite his suspension, Mr. Rosen continued to be treated by the trial court and the parties as Appellant's attorney in this matter.

On November 3, 2018, the court ostensibly sent notice of its intent to dismiss Appellant's claims due to inactivity pursuant to Pa.R.J.A. 1901(a) ("Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter."). Although a listing for this filing appears on the trial court docket, no copy of the notice is present in the certified record. By order of January 5, 2018, the trial court dismissed this case for inactivity. No copy of the dismissal order is present in the certified record, although it too appears as an entry on the trial court docket. The relevant docket entries denote only that the clerk of courts provided notice of these two filings pursuant to Pa.R.C.P. 236, but do not indicate the manner of transmission or the intended recipients.

On July 6, 2020, our Supreme Court disbarred Mr. Rosen retroactively to March 16, 2017. **See** Petition to Vacate, 5/12/21, at Exhibit A. It is unclear at what point Appellant learned of Mr. Rosen's suspension and/or disbarment. Nonetheless, Appellant secured replacement counsel and, thereafter, filed a petition to reinstate this matter in May 2021. Specifically, Appellant averred he never received any notice of the administrative dismissal due to Mr. Rosen's serial omissions and misrepresentations. **Id**. at ¶¶ 4-18. Appellant argued such circumstances constituted "good cause" to vacate the dismissal. **Id**. at ¶¶ 19, 28. The trial court denied Appellant's petition. On July 22, 2021, Appellant filed a timely notice of appeal to this Court. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 3 -

Appellant has raised one issue for our consideration: "Did the trial court err as a matter of law and abuse its discretion in denying [Appellant's] petition to vacate administrative dismissal when [Appellant] established the requisite elements of good cause to vacate the dismissal?" Appellant's brief at 2.

It is the policy of Pennsylvania's unified judicial system "to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system." Pa.R.J.A. 1901(a). Where a civil matter has been "inactive for an unreasonable period of time," a Pennsylvania court is empowered to "enter an appropriate order terminating the matter." *Id*. Rule 1901(a) is implemented as follows:

**(b) Primary responsibility for implementation of policy.**

(1) Except as provided by paragraph (3), each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the community court or magisterial district judges of the judicial district.

. . . .

(3) The policy set forth in subdivision (a) of this rule shall be implemented in actions governed by the Pennsylvania Rules of Civil Procedure pursuant to Rule of Civil Procedure 230.2.

**(c) Minimum standards.** Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

(1) In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated; or

(2) By publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case where notice by mail cannot be given or has been returned undelivered or where the docket of the matter shows no evidence of activity during the previous two years. Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown.

Pa.R.J.A. 1901(b)-(c). Appellant and the trial court have both proffered that a local rule, Philadelphia Civil Rule 1309, should govern this matter in accordance with Rule 1901(b)(1). **See** Trial Court Opinion, 11/15/21, at 3; Appellant's brief at 8. We must disagree.

The instant controversy is governed by the Pennsylvania Rules of Civil Procedure. Thus, in conformity with the exception noted at Rule 1901(b), this matter is properly controlled by Pa.R.C.P. 230.2. **See** Pa.R.J.A. 1901(b)(3); Pa.R.C.P. 230.2 at Explanatory Comment—2003 ("The termination of these cases for inactivity was previously governed by Rule of Judicial Administration 1901 and local rules promulgated pursuant to it. New Rule 230.2 is tailored to the needs of civil actions. It provides a complete procedure and a uniform statewide practice, preempting local rules."). Thus, we must evaluate the

propriety of administrative dismissal guided by the requirements of Rule 230.2, as opposed to those of Philadelphia Civil Rule 1309.[1]

It is well-established that administrative dismissal "rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law." ***Golab v. Knuth***, 176 A.3d 335, 338-39 (Pa.Super. 2017). In this procedural context, "[a] plaintiff has an affirmative duty to prosecute her action within a reasonable time[,]" and "[i]t is plaintiff, not defendant, who bears the risk of not acting within a reasonable time to move a case along." ***Id***. at 339. "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Dibish v. Ameriprise Fin., Inc.***, 134 A.3d 1079, 1095 (Pa. Super. 2016) (cleaned up). Along those lines, administrative dismissal is only proper when cases are

---

[1] It is well-established that local rules do not overmaster our statewide rules of civil procedure. ***See Sporkin v. Affinito***, 474 A.2d 343, 345 (Pa.Super. 1984) ("[A]lthough the several courts of common pleas may properly adopt local rules, such rules are invalid to the extent that they conflict with or are inconsistent with the Pennsylvania Rules of Civil Procedure."). Indeed, Philadelphia Civil Rule 51(C)(1) provides that the statewide rules take priority over any conflicting local rules. ***See*** Phila. Civ. R. 51(C)(1). Instantly, Philadelphia Civil Rule 1309 conflicts with Rule of Civil Procedure 230.2. Specifically, Local Rule 1309(A) permits pre-termination notice to be accomplished by publication, *i.e.*, notice may be accomplished by publishing a list of inactive cases in *The Legal Intelligencer* thirty days prior to dismissal. ***See*** Phila. Civ. R. 1309(A). By contrast, Pa.R.C.P. 230.2(b)(2) requires actual notice be provided to either "counsel of record," or the parties, themselves, by electronic or physical mail. Pa.R.C.P. 230.2(b)(2).

"inactive for an unreasonable period of time[.]" Pa.R.J.A. 1901(a). Moreover, our Supreme Court has held that "equitable principles should be considered when dismissing a case for inactivity pursuant to Rule 1901." ***Shope v. Eagle***, 710 A.2d 1104, 1108 (Pa. 1998).

As noted above, Rule 230.2 establishes the procedural framework for administrative dismissal in this case. In pertinent part, it provides as follows:

(a) At least once a year, the court shall initiate proceedings to terminate cases in which there has been no activity of record for two years or more. . . .

(b)(1) For each case identified pursuant to subdivision (a), the court shall serve a notice of proposed termination on counsel of record, and on the parties if not represented, thirty days prior to the date of the proposed termination. The notice shall contain the date of the proposed termination and the procedure to avoid termination.

(2) The notice shall be served electronically pursuant to Rule 205.4(g)(1), or pursuant to Rule 440 on counsel of record and on the parties, if not represented, at the last address of record.

(c) If no statement of intention to proceed has been filed on or before the date of the proposed termination, the prothonotary shall enter an order as of course terminating the matter for failure to prosecute.

(d)(1) If an action has been terminated pursuant to this rule, an aggrieved party may petition the court to reinstate the action.

(2) If the petition is filed within sixty days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action.

(3) If the petition is filed more than sixty days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action upon a showing that

- 7 -

(i) the petition was timely filed following the entry of the order for termination and

(ii) there is a reasonable explanation or a legitimate excuse for the failure to file both

(A) the statement of intention to proceed prior to the entry of the order of termination on the docket and,

(B) the petition to reinstate the action within sixty days after the entry of the order of termination on the docket.

Pa.R.C.P. 230.2(a)-(d).

In summary, a plaintiff may save an action earmarked for administrative dismissal by filing a "statement of intention to proceed" before the date of proposed termination. Pa.R.C.P. 230.2(c). Even if a statement is not filed, claims dismissed for inactivity may automatically be reinstated if a petition to vacate is filed within sixty days of the filing of the dismissal order. *See* Pa.R.C.P. 230.2(d)(2). A petitioner seeking to vacate a dismissal beyond these sixty days must demonstrate that the petition has been "timely filed" and provide "a reasonable explanation or legitimate excuse" for failing to file both the statement of intention to proceed and the petition to vacate within the initial sixty-day period. Pa.R.C.P. 230.2(d)(3)(i)-(ii). This sixty-day period, however, "is **not** intended to set a standard of timeliness," but simply "eliminates the need to make the showing otherwise required by subdivision (d)(3)." Pa.R.C.P. 230.2(d)(2)-(3) at Note (emphasis added).

As a threshold matter, we find it was inappropriate to categorize this civil matter as unreasonably inactive for the purposes of Rule 1901(a) since

this case was deferred pursuant to Philadelphia Civil Rule 1303(B). *See* Administrative Order, 10/28/15, at 1; Phila. Civ. R. 1303(B). The procedure for removing cases from deferred status under Local Rule 1303(B) is not dependent upon the mere passage of time but permits any party to advise the court that the justification for deferral is "no longer applicable." Phila. Civ. R. 1303(B)(2)(ii). No party has ever availed itself of this straightforward procedure in the instant case. Furthermore, there is no indication suggesting that Appellant's underlying incarceration has ended. Finally, there is nothing to suggest that the trial court considered the ongoing deferral of Appellant's case before pursuing administrative dismissal.

Our review of Pennsylvania precedent has uncovered no on-point decision regarding the interplay between Rule 230.2 and Philadelphia Civil Rule 1303(B). However, the text of Local Rule 1303(B) evinces that deferrals are intended to offer long-term relief to litigants who become embroiled in obligations that will necessitate a pause to proceedings that may persist for years at a time, *e.g.*, bankruptcy, imprisonment, military service, *etc.* *See* Phila. Civ. R. 1303(B). Moreover, deferral would *ipso facto* provide a complete explanation for a lengthy period of inactivity in a civil matter.

Nonetheless, Appellant did not file a statement of intention to proceed, nor did he submit a petition to vacate within sixty days of the trial court's dismissal order. Rather, Appellant's reinstatement petition was not filed until June 3, 2021. Separate and apart from a reasonable justification for the initial

delay in prosecuting this matter, Rule 2302.2(d)(3)(i)-(ii) requires that Appellant demonstrate that his request for reinstatement filed on June 3, 2021, was timely, while adducing a reasonable explanation for his failure to act sooner. **See** Pa.R.C.P. 230.2(d)(3)(i)-(ii).

On this point, Appellant submits that his delay in seeking reinstatement was due to his not receiving notice of the dismissal of this matter because of the actions and omissions of Mr. Rosen. **See** Appellant's brief at 4 ("[Appellant] was never advised that his matter was administratively dismissed by either his former counsel or by the trial court, since [Appellant] still had his prior attorney listed as attorney of record, who should not have been counsel of record."). Appellant argues his petition was timely filed once he secured replacement counsel. **Id**. at 7.

The trial court rejected these arguments:

> [H]is failure to act in this matter is . . . not reasonably explained or excused. Appellant has offered no explanation as to why during his three years of docket inactivity, he failed to take any direct action to determine the status of his case. Appellant also failed to present the [trial court] with any evidence that would lead one to conclude his lengthy three-year delay in prosecuting the action could be reasonably explained. While the record reflects Appellant made efforts to contact his attorney during the time in which action was pending, the record is devoid of any efforts by Appellant to directly inquire with the Philadelphia Court System as to the status of his case.

Trial Court Opinion, 11/15/21, at 6 (cleaned up). We do not agree.

Since Appellant's arguments implicate the notice provided by the trial court, the absence of both the November 3, 2018 notice of dismissal and the

January 5, 2018 dismissal order from the certified record is quite troubling. Particularly since Mr. Rosen's participation in this case long after his suspension has significant implications for the propriety of the notice purportedly provided by the trial court. Specifically, Rule 230.2(b)(2) requires that a court serve pre-termination notice either electronically pursuant to Pa.R.C.P. 205.4 ("Electronic Filing and Service of Legal Papers") or in conformity with Pa.R.C.P. 440 ("Service of Legal Papers other than Original Process") upon "counsel of record, and on the parties if not represented[.]" Pa.R.C.P. 230.2(b)(2); *see also Golan*, *supra* at 338 n.5. At a minimum, this notice must contain "the date of the proposed termination and the procedure to avoid termination." Pa.R.C.P. 230.2(b)(1). Finally, the notice must provide the parties "at least [thirty] days' written notice of opportunity for hearing on such proposed termination[.]" Pa.R.J.A. 1901(c).

However, our rules of procedure mandate that Appellant's attorney was the appropriate recipient of such notice, regardless of how the trial court chose to effectuate service. *See* Pa.R.C.P. 205.4 ("Copies of all legal papers other than original process . . . may be served by electronic transmission, . . ., if . . . an electronic mail address is included on an appearance or prior legal paper filed with the court in the action[.]");[2] Pa.R.C.P. 230.2(b)(1) ("[T]he court

---

[2] Instantly, Mr. Rosen's email address is noted on the *praecipe* for a writ of summons that was filed on Appellant's behalf. *See* Praecipe, 3/3/15, at 1. No other email address appears in the filings submitted by Appellant.

shall serve a notice of proposed termination on counsel of record, and on the parties if not represented[.]"); Pa.R.C.P. 440(a)(2)(i)-(ii) (requiring that service of legal filings must be made upon "the party's attorney of record" and permitting service upon the party only where "there is no attorney of record").

Due to Mr. Rosen's serial omissions and ongoing failure to advise either the parties or the court of his suspension, he was still considered Appellant's attorney of record at the time the trial court transmitted notice of its intent to dismiss this case for inactivity. Thus, Mr. Rosen would have been the recipient of the trial court's pre-termination notice. This is an inherently problematic posture, as Mr. Rosen was legally incapable of representing Appellant or taking any action on his behalf following his suspension. *See Marcone*, *supra* at 660 (prohibiting formerly admitted attorneys from engaging in any manner of law-related activities); Pa.R.D.E. 217(j) (same). Consequently, Appellant avers that neither the trial court nor Mr. Rosen advised him of the dismissal of his civil claims.[3] *See* Petition to Vacate Administrative Dismissal, 5/12/21, at ¶¶ 6-8, 17. Furthermore, Appellant claims that his petition was timely filed once Mr. Rosen's deceptions were brought to light. *Id*. These averments are supported by the record. Based upon the foregoing, we cannot confirm that

---

[3] Direct service upon Appellant would only have been appropriate if the trial court was made aware that Rosen had been suspended and that Appellant was consequently unrepresented by counsel. *See*, *e.g.*, Pa.R.C.P. 230.2(b)(1) (permitting direct service upon parties only where they are "not represented" by an attorney of record); Pa.R.C.P. 440(a)(2)(i) (same).

Appellant received the notice required by Rule 230.2. We find that the intervening misrepresentations of Mr. Rosen coupled with the lack of verifiable notice provides a sound basis to reinstate Appellant's civil action.

Moreover, to the extent the trial court suggests Appellant was required to independently make inquiries with the court system while he believed in good faith that he remained represented by Mr. Rosen, we conclude that Pennsylvania law does **not** require a client to actively safeguard against misconduct by his own attorney:

> A client who retains an attorney to perform legal services has a justifiable expectation that the attorney will exhibit reasonable care in the performance of those services, since that is the attorney's sacred obligation to the client. The client is, therefore, under no duty to guard against the failure of the attorney to exercise the required standard of professional care in the performance of the legal services for which the attorney was retained. Imposing such a duty on the client would clearly defeat the client's purpose for having retained the attorney in the first place.

*Gorski v. Smith*, 812 A.2d 683, 703 (Pa.Super. 2002). Here, Mr. Rosen was suspended, and then disbarred, while purporting to act as Appellant's attorney during the pendency of the instant matter. Accordingly, the mere fact that Appellant may not have taken any independent action to guard against this misrepresentative conduct is of no moment. *Id*.

In summary, our review indicates that the trial court relied upon an incorrect procedural rule in adjudicating this matter. *Compare* Pa.R.C.P. 230.2 *with* Phila. Civ. R. 1309(B). Furthermore, the trial court overlooked the deferred status of Appellant's case and erroneously suggested he owed a

duty to protect himself against misfeasance by his own counsel. Our review of the record is unable to confirm that Appellant received notice of dismissal in conformity with Rule 230.2(b)(1). Finally, the undisputed misrepresentations of Mr. Rosen provide an adequate explanation for Appellant's delay in seeking to vacate the dismissal of his case and establishes the timeliness of his petition under Rule 2302.2(d)(3)(i)-(ii).

Overall, we discern that the trial court's denial of Appellant's petition to vacate was the product of erroneous interpretations of Pennsylvania law coupled with a manifestly unreasonable view of the facts of this controversy. *See*, *e.g.*, *Commonwealth v. Taylor*, 277 A.3d 577, 589 (Pa.Super. 2022) ("Most fundamentally, a trial court's judgment is manifestly unreasonable, and therefore an abuse of discretion, if it does not find support in the record.").

Accordingly, we reverse the trial court's order denying Appellant's petition to vacate the administrative dismissal of his case and remand for further proceedings consistent with this Opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2023

- 14 -